Pamela Lee EVANS, Appellant,

v.

Thomas Wayne EVANS, Appellee.

No. 14–99–00036–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 2000.

John Neal Anderson, Spring, for appellants.

Connie Howell, Jay T. Wilihite, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST, and EVANS.*

## O P I N I O N

KEM THOMPSON FROST, Justice.

This is an appeal from a final divorce decree in which Pamela Lee Evans, the appellant, challenges the trial court's property and child support rulings in connection with her divorce from Thomas Wayne Evans, the appellee. Raising two issues for our review, she claims the trial court erred in: (1) mischaracterizing the parties' homestead as appellee's separate property, and (2) setting the amount of child support. We reverse and remand.

### FACTUAL BACKGROUND

Pamela Lee Evans ("Pamela") and Thomas Wayne Evans ("Thomas") were married in March 1975. A few weeks later, they purchased a house in Humble, Texas, from Pamela's parents. As part of that transaction, Pamela and Thomas assumed a promissory note with an outstanding principal balance of $17,946.33. Thomas used his separate property to pay off the assumed loan and to pay Pamela's parents $4,000 for their equity in the house. Later, a fire destroyed the house, and Pamela and Thomas rebuilt it from the proceeds of an insurance policy purchased during the marriage.

Thomas filed a petition for divorce in February 1998. At that time, the rebuilt home was appraised at $57,000. In the divorce proceeding, both parties agreed that after the youngest of their three children graduated from high school, the house would be sold. The parties further agreed that the first $22,000 of the sale proceeds would be paid to Thomas as reimbursement for his separate property claim and the balance divided equally between Pamela and Thomas.

The parties were divorced on October 20, 1998. The trial court signed the Proposed Findings of Fact and Conclusions of Law on November 30, 1998, and amended them on January 8, 1999, to comply with section 154.130 of the Texas Family Code. In its Amended Findings of Fact and Conclusions of Law, the trial court found that "the parties' home, although purchased during the marriage, was purchased entirely with the separate property funds of [Thomas]." The court awarded the home to Thomas "as his separate property." In addition to finding the house was Thomas' separate property, the trial court also found that Thomas' monthly net resources were $2,100. The court made Pamela the primary managing conservator for their three children (Joseph, Evan, and Andrew) and ordered Thomas to pay child support in the amount of $200 per month for three children; $190 per month for two children; and $180.50 per month for one child.

### STANDARD OF REVIEW

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM.CODE ANN. § 7.001 (Vernon 1998). To disturb a trial court's division of property and a

* Senior Justice Frank G. Evans sitting by assignment.

child support order, the appellant must show the trial court clearly abused its discretion by a division or an order that is manifestly unjust and unfair. *See Ridgell v. Ridgell*, 960 S.W.2d 144, 147 (Tex. App.—Corpus Christi 1997, no pet.) (property division); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (child support); *Kuehn v. Kuehn*, 594 S.W.2d 158, 161 (Tex.App.—Houston [14th Dist.] 1980, no writ) (property division). In making this determination, we look to whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *See Worford*, 801 S.W.2d at 109. Our analysis focuses on a two-pronged inquiry: (1) *Did the trial court have sufficient information upon which to exercise its discretion?;* and (2) *Did the trial court abuse its discretion by causing the property division or child support order to be manifestly unjust or unfair? See In re De La Pena*, 999 S.W.2d 521, 527 (Tex.App.—El Paso 1999, no pet.). *See also Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex.App.—Houston [14th Dist.] 1996, no writ) (finding both legal and factual sufficiency are relevant factors under the abuse of discretion standard). A trial court abuses its discretion when it rules without supporting evidence. *See In re P.M.B.*, 1999 WL 673080, at *2 (Tex.App.—Houston [14th Dist.] Aug.31, 1999).

## PROPERTY DIVISION

In her second issue, Pamela claims the trial court mischaracterized the parties' homestead as Thomas' separate property, which she contends resulted in an unjust division of the community estate.

The nature of property as separate or community is determined by the time and circumstances of its acquisition. *See Leighton v. Leighton*, 921 S.W.2d 365, 367 (Tex.App.—Houston [1st Dist.] 1996, no writ) (citing *Carter v. Carter*, 736 S.W.2d 775, 780 (Tex.App.—Houston [14th Dist.] 1987, no writ)). All property possessed by either spouse during or on the dissolution of marriage is presumed to be community property. *See* TEX. FAM.CODE ANN. § 3.003 (Vernon 1998). This presumption applies to dissolution by death as well as divorce. *See Smith v. Lanier*, 998 S.W.2d 324, 331–32 (Tex.App.—Austin 1999, pet. denied) (citing *George v. Reynolds*, 53 S.W.2d 490, 494 (Tex.Civ.App.—Eastland 1932, writ dism'd)). To overcome the presumption, a party must present clear and convincing evidence that the property is separate. *See* TEX. FAM.CODE ANN. § 3.003 (Vernon 1998). This evidence must generally trace and clearly identify the property as separate. *See Bahr v. Kohr*, 980 S.W.2d 723, 728 (Tex.App.—San Antonio 1998, no pet.) (citing *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973)). A party may not overcome the presumption merely by showing that separate property was used to pay all or some of the installments on a note for property acquired during marriage; the payments create a right to reimbursement for the spouse, but not a separate property interest. *See Broussard v. Tian*, 295 S.W.2d 405, 406, 156 Tex. 371 (1956).

In this case, it is undisputed that the house was purchased during the marriage. When the house was destroyed by fire, it was rebuilt with the proceeds of an insurance policy purchased during the marriage. Therefore, the house is presumed to be community property. Thomas presented no clear and convincing evidence to rebut this presumption. In fact, Thomas did not even challenge the presumption by claiming that the house was his separate property. Instead, he stipulated that he had a claim for reimbursement of separate property in the amount of approximately $22,000. Despite this stipulation, the trial court characterized the house as Thomas' separate property. There is no evidence in the record to support this characterization.

Looking to the first prong of the abuse of discretion analysis, we find the trial court had sufficient evidence upon which to exercise its discretion. Turning to the second prong, we now consider whether the

mischaracterization of the house as separate property constituted an abuse of discretion by causing the property division to be manifestly unjust or unfair.

■ If property is mischaracterized and that mischaracterization affected the just and right division of the community estate, we must remand the entire community estate for a just and right division. *See Robles v. Robles*, 965 S.W.2d 605, 621 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). If, on the other hand, the mischaracterization of the property had only a *de minimis* effect on the trial court's just and right division, then the trial court did not abuse its discretion. *See id.* When the court mistakenly characterizes property that constitutes the main asset of the parties, the error is of such a magnitude that it materially affects the just and right division of the community estate. *See In re Marriage of Taylor*, 992 S.W.2d 616, 621 (Tex.App.—Texarkana 1999, no pet.).

Here, the community equity in the Evans' house was the main asset of the community estate. Consequently, the trial court's mischaraceterization of it as Thomas' separate property had more than a *de minimis* effect on the just and right division of property. We find this mischaracterization caused the division of property to be manifestly unjust and unfair and so fails the second prong of the abuse of discretion inquiry. Therefore, we conclude that the trial court abused its discretion in finding the house was Thomas' separate property. We sustain the complaint raised in the second issue.

## CHILD SUPPORT

In her first issue, Pamela challenges the trial court's ruling on child support. In two subissues, she claims the court erred

in (a) failing to make the findings required by section 154.130 of the Texas Family Code, and (b) failing to follow the child support guidelines set forth in section 154.125 of the Texas Family Code.

■ In addressing the first subissue, we note that section 154.130 provides that when a court orders child support in an amount which varies from the percentage guidelines set forth in the statute, the court shall make specific findings. *See* TEX. FAM.CODE ANN. § 154.130 (Vernon 1996). The trial court signed a document entitled "Proposed Findings of Fact and Conclusions of Law" on November 30, 1998. This document did not state the specific findings required by section 154.130; however, on the thirtieth day after the motion for new trial was overruled, the court amended the findings to comply with the request and signed the "Amended Findings of Fact and Conclusions of Law." When a motion for new trial is filed, the trial court has plenary power over a judgment until thirty days after the motion is overruled. *See* TEX.R. CIV. P. 329b(e). Therefore, the trial court acted within its plenary power.[1] Accordingly, we find that Pamela's contention that the trial court failed to make the findings required by section 154.130 of the Texas Family Code is without merit.

■ In her second subissue, Pamela claims the trial court failed to follow the child support guidelines set forth in the Texas Family Code. Section 154.125, which sets these guidelines, specifically provides that child support should equal thirty percent (30%) of the obligor's monthly net resources when there are three children, twenty-five (25%) of the obligor's monthly net resources when there are two children,

---

1. While appellate courts have held that the expiration of a trial court's plenary power does not affect that court's ability to make and amend findings of fact and conclusions of law, that discussion is unnecessary where, as here, the findings of fact and conclusions of law were made during the court's plenary power. *See, e.g., Jefferson County Drainage*

*Dist. No. 6 v. Lower Neches Valley Authority*, 876 S.W.2d 940, 959 (Tex.App.-Beaumont 1994, writ dism'd) (finding the expiration of plenary power does not preclude the trial court from issuing belated findings of fact); *Morrison v. Morrison*, 713 S.W.2d 377, 381 (Tex.App.-Dallas 1986, writ dism'd) (same).

and twenty percent (20%) of the obligor's monthly net resources when there is one child. *See* Tex. Fam.Code Ann. § 154.125 (Vernon 1996). Thomas' net resources were $33,000 in 1997,[2] which equates to $2,750 per month. Extrapolating from the 1997 tax chart in section 154.061, Thomas' monthly net resources would be $2,187.73. *See* Tex. Fam.Code Ann. § 154.061 (Vernon Supp.1998). Using the statutory guidelines, Thomas would owe $656.32 a month for three children, $546.93 a month for two children, and $437.55 a month for one child. The trial court, however, found that Thomas' monthly net resources were only $2,100. Even using this figure, Thomas would owe $630 a month for three children; $545 a month for two children; and $420 a month for one child. Yet, the trial court awarded only $200 a month for three children; $190 a month for two children; and $180.50 a month for one child.

The trial court has discretion in certain circumstances to find that it would be unjust or inappropriate to apply the guidelines in a particular case. *See* Tex. Fam. Code Ann. § 154.123 (Vernon 1996). For example, a court can consider housing benefits provided by another person in determining whether the application of the guidelines would be unjust or inappropriate. *See* Tex. Fam.Code Ann. § 154.123(b)(10) (Vernon 1996). In this case, however, the court's mischaracterization of the Evans' house as Thomas' separate property flawed the analysis.[3] This problem was then compounded by the fact that the trial court did not receive any evidence regarding the rental value of the house. As a result, the trial court did not have sufficient information upon which to determine the value, if any, of the housing benefit. Consequently, the court's action fails the first prong of the abuse of discretion inquiry. Accordingly, we find the trial

court abused its discretion in setting the amount of child support obligation (1) by treating the house as the separate property of Thomas in its consideration of the housing benefits, and (2) by deviating from the guidelines based on housing benefits without any evidence of the rental value of the house.

### Conclusion

We reverse the judgment of the trial court and remand the case for a new division of the community estate and a new child support order in accordance with this opinion.

---

**2.** Thomas testified that he earned $33,000 to $34,000 in 1997.

**3.** The trial court may consider the house, as community property, in setting child support. However, the trial court can reduce child

support *only* by the amount of the rental value of the house multiplied by Thomas' share of the house because not all of the housing is a benefit provided by another person, i.e., Pamela owns part of the house.