Affirmed and Memorandum Opinion filed September 25, 2003













Affirmed and
Memorandum Opinion filed September 25, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00797-CV

____________

 

FLORENCE MAE RILEY,
Appellant

 

V.

 

FRANCIS F. RILEY, Appellee

 

________________________________________________

 

On Appeal from
the 300th District Court

Brazoria County, Texas

Trial Court
Cause No. 17197*RH01

 

________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            In this divorce action, appellant
Florence Mae Riley challenges the trial court’s division of the community
estate, contending the trial court abused its discretion by awarding appellee
Francis F. Riley, a disproportionate share of the estate’s “main assets.”  We affirm.




 








                                                     Factual Background

            Florence Mae Riley (“Florence”) and
Francis F. Riley (“Francis”) were married on June 9, 1984.  They separated and ceased to live together as
husband and wife on October 10, 1994. 
However, a petition for divorce was not filed until seven years later in
September, 2001, when Francis filed for divorce alleging the marriage had
become insupportable.

            At the time of the marriage, Francis
was retired from the military and receiving a pension.  He owned a home in which the parties lived
together prior to their separation.  The
home was ultimately sold for $39,000 and the proceeds were used to pay debts
and support the family, including one of Florence’s sons from a prior marriage.  Also, Francis entered the marriage with approximately
$5,117 in a retirement account and approximately $6,959 in a checking
account.  The funds in the checking
account were used for living expenses during the marriage and the balance at
the time of trial was $400.

            In 1988, after eighteen years of
working at the United States Postal Service, four years of which were during
the marriage, Francis retired from the postal service.  He received $17,000 that had been in a
retirement savings account and those funds were used to pay off loans on a
travel trailer and truck the couple owned. 

            Upon separating, Francis took
possession of their truck and trailer home. 
The truck and trailer were destroyed in an accident in 1998.  Francis then applied the insurance proceeds
received as a result of that accident toward the purchase of a second truck and
trailer home.  Francis traded in the
second truck and purchased a third truck, a 1999 Ford F350.  Florence retained possession of the household
contents and a vehicle belonging to the couple. 
She later traded in that vehicle and purchased a 1999 Chevrolet
Silverado truck.

            During their seven year separation,
neither party requested return of any property in possession of the other
party.  They remained friendly and even
agreed to care for each other in the event of illness and agreed to handle
burial arrangements for the other upon death. 
Francis continued to make monthly payments on a life insurance policy
for Florence and also paid a monthly supplemental medical insurance payment for
her.[1]  Other than $200 worth of miscellaneous
jewelry, clothing, and personal property listed in Florence’s inventory under
the heading, “Wife’s separate personal property during marriage,” there is no
mention in the record of any property that Florence brought to the marriage. 

            The suit was tried to the bench and
the court heard testimony from both parties and admitted various demonstrative
exhibits, including the parties’ inventories. 
At the time of trial, Francis was 71 years old and Florence was 59 years
old.  Florence was employed and earning
$1,500 per month, while Francis was retired from the military and the postal
service and earning $1,200 per month through his military pension.  Francis had possession of the Ford F350 truck
and a 1999 Cardinal Fifth Wheel trailer home. 
Florence was in possession of the 1999 Chevrolet Silverado truck.  At trial, Florence requested that she be
awarded the Ford F350 truck and that Francis be awarded the Chevrolet Silverado
truck because her truck was “not reliable.” 

            At the conclusion of the trial, the
court granted the divorce and stated: “As far as property division is concerned
I am going to award each party the property that they now have in their
possession subject to their control and any debts associated with that
property.”  In the final divorce decree,
each party was awarded the household furnishings, personal effects, and
accounts under their sole control. 
Additionally, Francis was specifically awarded the Ford F350 truck and
the Cardinal trailer; checking, savings, and IRA accounts at Randolph Brooks
Federal Credit Union; retirement pay from the United States Air Force; and his
life insurance policy.  Florence was
specifically awarded the Chevrolet Silverado truck and her life insurance
policy.

            In her motion for new trial,
Florence alleged the trial court erred in its division of the community estate
because “the court’s division of the community estate effectively rendered a
division of 100 percent of all community equity to [Francis] and zero percent
of community equity to [Florence].” 

            On July 8, 2002, the trial court
filed its findings of fact and conclusions of law.  The relevant findings are as follows:

            . . . . 

4.         Petitioner and
Respondent separated on or about October 10, 1994.

5.         Petitioner and
Respondent divided property when they separated on October 10, 1994.

6.         The motor vehicle and
travel trailer in Petitioner’s possession on May 10, 2002 was purchased after
October 10, 1994.

7.         The motor vehicle in
possession of Respondent was purchased after October 10, 1994.

8.         Petitioner and
Respondent have continually retained property in their possession since
separation.

9.         Petitioner nor
Respondent has requested return of property in neither the other’s possession
since date of separation.

 

In its
conclusions of law, the trial court stated:

            . . . . 

4.         The division of the property of Petitioner and Respondent
effected by the final judgment is just and right, having due regard for the
rights of each party, irrespective of the characterization of any item of property
as either community or separate.

            The motion for new trial was
overruled by operation of law.  On
appeal, Florence argues the trial court erred in its division of the community
estate because the “main assets” were awarded solely to Francis. 

                                                       Standard of Review

            In a divorce decree, the trial court
shall order a division of the estate of the parties in a manner that the court
deems just and right, having due regard for the rights of each party and any
children of the marriage.  Tex. Fam. Code § 7.001.  The trial court has broad discretion in
dividing the marital estate, and we will not disturb its decision unless the
trial court has clearly abused its discretion. 
Smith v. Smith, 22 S.W.3d 140,
143 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  A clear abuse of discretion is shown only if
the division of property is manifestly unjust and unfair.  Id.,
Evans v. Evans, 14 S.W.3d 343, 345–46 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  On appeal, our analysis
involves a two-pronged inquiry:  

(1) whether the trial court had sufficient information upon which to
exercise its discretion and 

(2) whether the trial court abused its discretion by making a property
division that is manifestly unjust or unfair. 
Evans, 14 S.W.3d at 346; Lindsey v. Lindsey, 965 S.W.2d 589, 592
(Tex. App.—El Paso 1998, no pet.).

 

A
traditional sufficiency inquiry applies to the first question and in conducting
this inquiry, we review the trial court’s findings of fact for both legal and
factual sufficiency.  Hodson v. Keiser,
81 S.W.3d 363, 367 (Tex. App.—El Paso 2002, no pet.); London v. London, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th
Dist.] 2002, no pet.) (citing Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994)).  While findings of fact issued in a bench
trial have the same force and dignity as a jury’s verdict, the trial court’s
findings of fact are not conclusive when there is a complete reporter’s
record.  Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995,
writ denied).  Because the record in this
case contains a complete reporter’s record, we are not bound by the trial
court’s findings.  Id.  Therefore, we review the
court’s findings for legal and factual sufficiency using the same standards as
in reviewing evidence supporting a jury’s verdict.  London,
94 S.W.3d at 144; Tucker, 908 S.W.2d
at 532.

            Once we have determined whether
sufficient evidence exists, we must then decide whether the trial court abused
its discretion in rendering a manifestly unjust or unfair division of
property.  Evans, 14 S.W.3d at 346.  In
making this determination, we look to whether the trial court acted arbitrarily
or unreasonably, without reference to any guiding rules or principles.  Id.

                                                         Property Division

            In her sole point of error, Florence
argues that the trial court awarded the “main assets” solely to Francis and in
so doing, abused its discretion.[2]  Florence contends the “main assets” are the
Ford truck, the Cardinal trailer, and the Chevrolet truck.  We begin by addressing the first prong of the
abuse of discretion test: whether the trial court had sufficient evidence upon
which to exercise its discretion in the valuation and distribution of the
community estate.  Evans, 14 S.W.3d at 346. 




                                   1.  Did the
trial court have sufficient information

                                               on
which to exercise its discretion?

            In reviewing findings of fact for
legal sufficiency, we consider only the evidence and inferences supporting the
findings, disregarding all evidence and inferences to the contrary.  Henry
v. Henry, 48 S.W.3d 468, 473 (Tex. App.—Houston [14th Dist.] 2001, no
pet.).  If more than a scintilla of
evidence supports the finding, it is legally sufficient.  Id.  More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.  Id.  In reviewing for factual
sufficiency, we consider all of the evidence in the record and overturn the
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Id. 
However, a trial court does not abuse its discretion where it bases its
decision on conflicting evidence or where some evidence of a substantial and
probative character exists to support the trial court’s division.  Zieba v. Martin, 928 S.W.2d 782, 787 (Tex. App.—Houston
[14th Dist.] 1996, no writ).

            To determine the value of the Ford
truck, Cardinal trailer, and the Chevrolet truck, the trial court considered
the inventories submitted by both parties and their individual testimony.
Francis’s inventory stated the fair market value of the Ford truck was $18,000
and Florence introduced a range of fair market values from $18,950 to
approximately $24,550.  In its findings
of fact, the court assigned the Ford truck a fair market value of $18,000,
encumbered by a $15,000 lien, thus yielding a net value of $3,000.  We find the evidence presented by the parties
was sufficient to support the exercise of the court’s discretion.  We cannot say that the evidence was legally
or factually insufficient to support this finding.  The trial court was the sole finder of fact
in this case, and a reviewing court is not permitted to interfere with the fact
finder’s resolution of conflicts in the evidence or to pass on the weight or
credibility of a witness’ testimony.  Henry, 48 S.W.3d at 475.  The trial court could reasonably have
believed that Francis, the owner of the Ford truck, presented the most accurate
assessment of the fair market value of the Ford truck.  Further, the valuation made by the trial
court was not contrary to the overwhelming weight of the evidence.  See id.
at 473.  Therefore, we find that the
evidence supporting the trial court’s finding regarding the value of the Ford
truck was both legally and factually sufficient.  Id.

            In accordance with the testimony and
inventories of both parties, the trial court assigned a fair market value of
$18,000 to the Cardinal trailer, encumbered by a $16,321.75 lien yielding a net
value of $1,678.25.  The trial court
assigned a fair market value of $14,000 to the Chevrolet truck, encumbered by a
lien in the amount of $18,000, for a negative net value of $4,000.  The Chevrolet truck was not listed on
Francis’s inventory; nor did he offer testimony regarding the value of the
truck.  At trial, Florence testified that
the actual fair market value of the Chevrolet truck was $15,000, encumbered by
a lien of $18,000, and presented two reports reflecting the value of the truck
at either $12,675 or $15,875.  In
reviewing the evidence in the light most favorable to the trial court’s
findings, we cannot say that there is less than a scintilla of evidence
supporting the trial court’s findings nor that the finding is contrary to the
evidence presented in the record.  Henry, 48 S.W.3d at 473.  Therefore we find that the evidence was
legally and factually sufficient to support the trial court’s valuation of the
Cardinal trailer and the Chevrolet truck in its findings of fact.  Id.

            Having determined there was
sufficient evidence to support the trial court’s findings of fact regarding the
valuation of the Ford truck, the Cardinal trailer, and the Chevrolet truck, we
find the trial court had sufficient information upon which to exercise its
discretion pertaining to the valuation of the “main assets.”  See
Evans, 14 S.W.3d at 346.  Thus, the
first prong of our inquiry has been satisfied and we now turn to the second
prong deciding whether the trial court abused its discretion by causing the
property division to be manifestly unjust or unfair.  Id.

 

             2.  Did the trial court abuse its discretion by
causing the property division

                                                 to
be manifestly unjust or unfair?

            In determining whether a trial court
abused its discretion in its division of community property, we look to whether
the trial court acted arbitrarily or unreasonably, without reference to any
guiding rules or principles.  Henry, 48 S.W.3d at 475.  It is the duty of the reviewing court to
presume that the trial court properly exercised its discretion in dividing the
marital estate.  Frommer v. Frommer, 981 S.W.2d 811, 814 (Tex.
App.—Houston [1st Dist.] 1998, pet. dism’d.) (citing Murff v. Murff, 615
S.W.2d 696, 699 (Tex. 1981)).  Thus, the
party complaining of the trial court’s division must demonstrate the division
was so unjust, the trial court abused its discretion.  Frommer, 981 S.W.2d at 814 (citing Murff, 615 S.W.2d at 698).  We defer to the trial court’s determination
of the credibility of the witnesses’ testimony and disturb the trial court’s
findings only in a case of clear abuse of discretion.  Murff, 615 S.W.2d at 700.

            Although the division of marital
property does not have to be equal, it does have to be equitable.  Kimsey v. Kimsey, 965 S.W.2d 690, 704 (Tex. App.—El Paso 1998,
pet. denied).  The trial court’s discretion
to divide the community estate is not unlimited, and the court must have some
reasonable basis for an unequal division of the property.  Zieba, 928 S.W.2d at 790. 
In making the division, the court may consider disparity of income or
earning capacity, the spouses’ capacities and abilities, business
opportunities, education, relative physical conditions, relative financial
conditions and obligations, disparity of ages, size of separate estates, and
the nature of the property.  Murff, 615 S.W.2d
at 698–99. 

            Of the “main assets” described by
Florence, the trial court awarded Francis the Ford truck with a fair market
value of $18,000, and a lien of $15,000; and the Cardinal trailer with a fair
market value of $18,000 and a lien of $16,321.75.  Florence was awarded the Chevrolet truck with
a fair market value of $14,000.  The
decree of divorce did not specifically award Florence the lien on the truck, in
the amount of $18,000, however, the trial court indicated such in its
rendition.[3] 

            The evidence presented at trial
established that Francis is retired from both the military and the postal
service and receives a monthly pension payment which is less than Florence’s monthly
salary.  Furthermore, Florence is twelve
years younger than Francis, and arguably has a greater earning potential than
Francis.  Awarding the property in the
parties possession is reasonable considering that Francis lives in the Cardinal
trailer and hauls the trailer with his Ford truck whenever he travels.  Although Florence’s Chevrolet truck has a
towing package, it is currently not equipped to haul a trailer.  The court determined that it was fair and
just to divide the property according to what the parties determined when they
separated seven years ago.  Considering
the evidence presented at trial regarding the disparities in the age of the
parties, their earning capacities, and the use of the assets during the
parties’ separation, we find that the trial court’s division of the community
estate was neither arbitrary nor unreasonable. 
We cannot say the trial court abused its discretion in its division of
the community estate, and accordingly, we overrule Florence’s point of error.

                                                                Conclusion

            For the foregoing reasons, the
judgment of the trial court is affirmed.

 

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed September
 25, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.

 











            [1]  The monthly payments for the insurance
policy, on which Francis was a beneficiary, amounted to $35 per month (for 84
months) for a total of $2,940.  The
monthly medical insurance payments amounted to $49.33 per month (for 84 months)
for a total of $4,144.  At one point,
Francis testified he asked Florence to contribute to these payments, but she
never did.  





            [2]  Florence does not argue that the trial court
improperly divided any other portion of the community or separate
property.  Nor does Florence argue that
the division of other community property affects, or is so intertwined with,
the division of the “main assets” to require consideration of other aspects of
the property division.  In re Marriage of Royal, No.
07-02-0251-CV, 2003 WL 21276772, at *2 (Tex. App.—Amarillo June 3, 2003, no
pet. h.).  Our review, then, will be
limited to the question actually presented, namely, whether the trial court
erred in its division of the “main assets.” Id.  





            [3]  Therefore, the total value of the “main
assets” was $50,000; of those assets, Francis was awarded $36,000, or
seventy-two percent (72%) and Florence was awarded $14,000, or twenty-eight
percent (28%).  Further, the total amount
of debt on the “main assets” was $49,321.75. 
Of those debts, $31,321.75, or sixty-four percent (64%) was awarded to
Francis; and presumably $18,000, or thirty-six percent (36%) was awarded to
Florence.