Affirmed as Modified and Memorandum Opinion filed October 10, 2006








Affirmed as Modified and Memorandum Opinion filed October 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00846-CV

_______________

 

RANDALL GENE GLASH, Appellant

 

V.

 

ARLENE SUE GLASH, Appellee

                                                                                                                                               


On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 01-63546

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

This case is an appeal from an order awarding child
support.  Appellant, Randall Gene Glash, and appellee, Arlene Sue Glash, were
divorced in 2002.  In 2003, Mrs. Glash filed a petition to modify the
parent-child relationship and establish child support.  Following a bench
trial, the trial court appointed Mr. and Mrs. Glash joint-managing conservators
of their two children and ordered Mr. Glash to pay child support.  In two
issues, Mr. Glash contends the trial court abused its discretion by granting
child support in excess of the statutory guidelines. We modify the judgment and
affirm as modified. 








I.  Standard of Review

We review a trial court=s order granting
child support under an abuse of discretion standard.  Worford v. Stamford,
801 S.W.2d 108, 109 (Tex. 1990); Evans v. Evans, 14 S.W.3d 343, 345B46 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  A trial court abuses it discretion when it acts
arbitrarily or without reference to guiding principles.  Worford, 801
S.W.2d at 109; Evans, 14 S.W.3d at 346.  Under this standard, legal and
factual sufficiency of the evidence are not independent grounds of error, but
are relevant factors in assessing whether the trial court abused its
discretion.  Zieba v. Martin, 928 S.W.2d 783, 786 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  A trial court does not abuse its discretion when there
is some evidence of a substantive and probative character to support the trial
court=s order.  Newberry
v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.CHouston [14th
Dist.] 2004, no pet.). 

II.  Discussion

An order of child support that conforms with the guidelines
under the Texas Family Code is presumed to be in the best interests of the
children.  See Tex. Fam. Code Ann.
' 154.122(a)
(Vernon 2002).  However, a court may determine that the application of the
guidelines would be unjust or inappropriate under the circumstances. Tex. Fam. Code Ann. ' 154.122(b)
(Vernon 2002). In determining whether application of the guidelines would be
unjust or inappropriate, the trial court must consider a non-exhaustive list of
seventeen factors, which include the needs of the children and the financial
resources of the parents. See Tex.
Fam. Code Ann. ' 154.123 (Vernon 2002). 








If the amount the trial court orders varies from the amount
computed by applying the guidelines, the trial court must make findings.  Tex. Fam. Code Ann. ' 154.130(a)(3)
(Vernon 2002).  The findings must include, in relevant part, a statement as to
whether the application of the guidelines would be unjust or inappropriate, the
monthly net resources of the obligor and the obligee, and the specific reasons
for the variance.  Tex. Fam. Code Ann.
' 154.130(b)
(Vernon 2002).

Here, the trial court determined that Mr. Glash=s net monthly
resources were $3,947.  Applying the guidelines, the trial court found that Mr.
Glash should pay $987 per month in child support, an amount equal to
approximately twenty-five percent of his net monthly resources.  See Tex. Fam. Code Ann. ' 154.125 (Vernon
2002) (specifying child support payments for two children should equal
twenty-five percent of the obligor=s net monthly
resources).  Instead, the trial court ordered Mr. Glash to pay $1200 per month
in child support, an amount equal to approximately thirty percent of his net
monthly resources.  The specific reasons the trial court gave for departing
from the guidelines are as follows: 

(1) Children=s father did not respond properly
to discovery and court believes his total resources are large enough to make
the award;

(2) father=s ability and his financial
resources available;

(3) other benefits provided to father were not disclosed; and

(4) the award is in the best
interest of the children taking into consideration the circumstances of the
parents.

A.      Net
Monthly Resources

Mr. Glash first disputes the trial court=s finding with
respect to his net monthly resources.  Specifically, he contends the trial
court did not deduct the correct amounts from Mr. Glash=s gross income to
account for taxes and other obligations.  See Tex. Fam. Code Ann. '  154.061 (Vernon
Supp. 2005) (providing a tax chart to aid in the calculation of an obligor=s net monthly
resources); Tex. Fam. Code Ann. '  154.062 (Vernon
2002) (listing amounts that must be deducted from Aresources@ to determine net
resources available for child support).  








The trial court appeared to base its finding on a letter of
employment offering Mr. Glash $5,300 per month to begin April 2005. Applying
the 2005 tax chart as provided in section 154.061 to a gross income of $5,300
per month, Mr. Glash=s net monthly resources would be
approximately $3,985.  See Tex.
Fam. Code Ann. ' 154.061; Evans, 14 S.W.3d at 348
(extrapolating from the tax chart to calculate the net monthly resources of an
obligor). Therefore, under the guidelines, Mr. Glash would owe approximately
$996 per month for two children. See Tex.
Fam. Code Ann. ' 154.061.  The trial court found Mr. Glash
would owe $987 under the guidelines.  The small difference between the trial
court=s finding and the
amount owed under the guidelines is in appellant=s favor. 
Moreover, the amount is de minimis and within the trial court=s discretion. 
Accordingly, we conclude the trial court did not abuse its discretion in
determining the amount of child support owed by Mr. Glash under the guidelines.

B.      Variance
from the Guidelines








In his second
issue, Mr. Glash contends the evidence does not support the trial court=s variance from
the child support guidelines.  The first three reasons specified by the trial
court relate to the financial resources available to Mr. Glash, including
resources the trial court believed were undisclosed.  The trial court must
require a party to furnish information sufficient to accurately ascertain that
party=s net resources,
including Acopies of income tax returns for the past two years, a
financial statement, and current pay stubs.@  Tex. Fam. Code Ann. ' 154.063 (Vernon
2002).  The record on appeal does not contain copies of any income tax
returns.  Nor is there a Afinancial statement,@ although Mr.
Glash provided a Asummary of account balances@ for one checking
account.[1] 
With respect to current pay stubs, the record contains a pay statement dated
April 2005, which reflects a gross pay of $1,238.37 for the pay period and for
the year-to-date amount.  Although there was testimony and other evidence that
Mr. Glash made over $100,000 after working in Iraq in 2004, there is also
evidence that Mr. Glash had been unemployed for several months.  There was no
evidence concerning the value of Mr. Glash=s savings, if
any.  Nor was there any evidence concerning the nature and amount of Mr. Glash=s assets and
liabilities.  Thus, apart from the letter offering $5,300 in monthly wages,
there was no evidence as to the financial resources Mr. Glash had available for
the payment of child support.

The trial court
also generally found the additional child support to be Ain the best
interests of the children.@  Child support awarded in conformance
with the guidelines is presumed to be in the best interest of the children.  See
Tex. Fam. Code Ann. ' 154.122(a).  If
evidence is admitted that rebuts the presumption, the trial court may deviate
from the guidelines.  Tex. Fam. Code
Ann. ' 154.123.  In this case, however, there was no
evidence rebutting that presumption.  The testimony at trial centered on Mr.
Glash=s failure to
comply with discovery requests, the children=s health
insurance, and attorney=s fees.  Although Mrs. Glash testified
that she spent money on school supplies and extra-curricular activities, there
was no indication that the amount of child support awarded under the guidelines
would be insufficient to cover these costs.  No other information was provided
concerning the nature or amount of the children=s expenses.  








The trial court
appeared to award the additional child support primarily as a discovery
sanction.  The trial court=s primary responsibility in a modification
proceeding is to consider the best interests of the children, not to punish an
offending party.  In re Hood, 113 S.W.3d 525, 529 (Tex. App.CHouston [1st
Dist.] 2003, no pet.).  Discovery sanctions serve three purposes: (1) to secure
the parties= compliance with the discovery rules; (2) to deter
other litigants from violating the discovery rules; and (3) to punish parties
who violate the discovery rules.  Tidrow v. Roth, 189 S.W.3d 408, 412
(Tex. App.CDallas 2006, no pet.).  Although the choice of discovery
sanctions under Rule 215.2 of the Texas Rules of Civil Procedure is within the
discretion of the trial court, the sanction imposed must be just.  Spohn
Hosp. v. Mayer, 104 S.W.3d 878, 882 (Tex. 2003).  However, a trial court
may not impose a sanction that is more severe than necessary to satisfy its
legitimate purpose. Hamill v. Level, 917 S.W.2d 15, 16 (Tex. 1996). 
Case‑determinative sanctions may only be imposed in exceptional cases
where they are clearly justified and it is fully apparent that no lesser
sanctions would promote compliance with the rules.  Spohn Hosp., 104
S.W.3d at 882.  Rule 215.3 further requires a trial court to give notice and an
opportunity to be heard prior to the imposition of sanctions.  See Tex. R. Civ. P. 215.3.  

Here, the trial
court=s variance from
the child support guidelines levied as a discovery sanction was an abuse of
discretion.  Mr. Glash received discovery requests for his financial records
including bank statements and tax returns.  Mr. Glash testified that he
obtained as much information as he had and produced it to Mrs. Glash.  Although
Mrs. Glash=s attorney stated at trial that orders compelling
discovery had been entered, no orders compelling discovery appear in the
appellate record.  Further, the trial court ordered Mr. Glash to pay attorney=s fees of $5000 to
Mrs. Glash=s attorney as a sanction for failure to respond to
discovery.  Finally, Mr. Glash was afforded no notice or opportunity to respond
to the allegations that he had violated discovery orders prior to the entry of
judgment.  We find the trial court abused its discretion in awarding child
support as a discovery sanction without giving notice and an opportunity to be
heard or considering lesser sanctions.  Appellant=s second issue is
sustained.

The judgment of
the trial court is modified to delete the finding of $1200 per month child
support.  The trial court=s finding that $987 per month is the
appropriate amount of child support to be paid under the guidelines is left
undisturbed. The judgment of the trial court is affirmed as modified.

 

 

/s/      Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed October 10, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

 









[1]  The summary reflects the balance of the account at
the beginning of every month over a period beginning February 2003 and ending
January 2005.  The balance on the account ranged from $43.23 at its lowest to
$57,814.60 at its highest.  No averages are provided.