

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-219-CV

BRADLEY NEAL WILKINSON                                       APPELLANT

V.

SHANNON FLANAGAN—WILKINSON                                    APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Bradley Neal Wilkinson appeals from the trial court's division of the marital estate in the final decree entered in his divorce case. We affirm.

---

[1] ... *See* Tex. R. App. P. 47.4.

## II. Background Facts

Bradley and Shannon were married in September 2006. They ceased living together as husband and wife in April 2007. Before the marriage, Bradley and Shannon shared a joint bank account and purchased a Ford pickup truck and a home at 4574 Masch Branch Road.[2] During the marriage, in addition to the Ford, Bradley drove a Dodge pickup truck and a BMW, and Shannon drove a Ford Expedition. Also during the marriage, the couple applied for and obtained a construction loan to build a barn next to the home for Shannon's horses. At the time of the divorce proceedings, the barn was unfinished and the loan proceeds had been exhausted.

At the hearing on the final divorce decree, Shannon testified that the home was worth $225,000 and that they owed $257,000. She presented to the trial court her proposal for dividing certain items of the marital estate with some values assigned to particular items. Bradley also presented a proposal for dividing the estate but did not assign any valuations.

After taking the case under advisement, the trial court entered its final decree and divided the property, awarding Bradley and Shannon the cash, household furniture, furnishings, fixtures, goods, art objects, collectibles,

---

[2] Shannon drew up the contract for the purchase of this residence before the marriage.

appliances, and equipment in their respective possession as well as life insurance policies on their respective lives. In addition, Shannon was awarded all the horses that she had owned before or during the marriage, the residence, the debt on the mortgage, the Ford Expedition and the debt on the Expedition. Bradley was awarded tools, fencing, a twenty-foot-flatbed trailer, the Dodge and Ford pickup trucks, the BMW, the debt on those vehicles, and two four-wheel recreational vehicles.

## III.  Issues on Appeal

In seven points, Bradley complains that the trial court mischaracterized the house, three vehicles, and two four-wheelers as community property and that, as a result, the trial court improperly divested him of his separate property and failed to make a just and right division of the community property.

## IV.  Standard of Review

A trial court has broad discretion in making a "just and right" division of the marital estate and is entitled to every reasonable presumption that it

3

exercised its discretion properly.[3]  Absent a clear abuse of discretion, we will not disturb a trial court's division of the marital estate.[4]

Property possessed by either spouse at the dissolution of the marriage is presumed to be community property, and a party who seeks to assert the separate character of property must prove that character by clear and convincing evidence.[5]  Clear and convincing evidence is an intermediate standard falling between the preponderance standard of civil proceedings and the reasonable-doubt standard of criminal proceedings.[6]  It is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.[7]

---

[3] ... *Murff v. Murff*, 615 S.W.2d 696, 697–99 (Tex. 1981); *see* Tex. Fam. Code Ann. § 7.001 (Vernon 2006) ("[T]he court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. . .").

[4] ... *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974); *Boyd v. Boyd*, 67 S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.).

[5] ... Tex. Fam. Code Ann. § 3.003 (Vernon 2006); *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 608 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[6] ... *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980); *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979).

[7] ... *See* Tex. Fam. Code Ann. § 101.007 (Vernon 2008); *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 31 (Tex. 1994) (op. on reh'g); *Stavinoha*, 126 S.W.3d at 607.

Evidence rebutting the community property presumption must generally trace and clearly identify the property as separate.[8] The clear and convincing burden is not satisfied when characterizing the property at issue as separate property requires surmise or speculation by the court.[9] Testimony that some portion of commingled property is separate property, standing alone, is insufficient to rebut the community property presumption.[10]

Further, as a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when that testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of

---

[8] *Evans v. Evans,* 14 S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[9] *See McKinley v. McKinley*, 496 S.W.2d 540, 544 (Tex. 1973); *Courtney v. Courtney,* No. 14-01-01103-CV, 2002 WL 1732996, at *4 (Tex. App.—Houston [14th Dist.] July 25, 2002, no pet.) (not designated for publication).

[10] *See Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).

the property.[11] We resolve any doubt as to the character of property in favor of the community estate.[12]

## V. Analysis

### A. The House

Bradley contends that the house was his separate property based on Shannon's testimony that it was purchased in "August of, gosh, 2005." It is undisputed that Shannon and Bradley were married in September 2006.

---

[11] *See, e.g.*, *In re Marriage of Santopadre,* No. 05-07-00027-CV, 2008 WL 3844517, at *3 (Tex. App.—Dallas Aug. 19, 2008, no pet.) (mem. op.) (holding that husband's failure to produce documentary evidence establishing the time and means by which he originally obtained possession of assets—including a pension—precluded trial court from finding that husband met clear and convincing standard notwithstanding husband's testimony that the assets were his separate property)*; Rogers v. Rogers,* No. 14-00-00077-CV, 2001 WL 1013405, at *3 (Tex. App.—Houston [14th Dist.] Sept. 6, 2001, pet. denied) (mem. op., not designated for publication) (holding that "[wife's] contradictory, vague, and equivocal testimony, without more, was insufficient for a reasonable jury to determine under the clear and convincing standard that the funds, at their inception, were her separate property" and that evidence made it "impossible to accurately segregate and identify which portions of the account belong to whom"); *Brehm v. Brehm,* No. 14-99-00055-CV, 2000 WL 330076, at *3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2000, no pet.) (not designated for publication) (reasoning that husband's testimony that he purchased certificate of deposit with separate assets, without documentary evidence tracing the supposedly separate funds was insufficient to rebut the community property presumption, notwithstanding wife's failure to provide controverting testimony).

[12] *Akin v. Akin*, 649 S.W.2d 700, 703 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.).

Shannon's conclusory testimony that the house was purchased in August 2005 is not sufficient to rebut the community presumption under a clear and convincing evidence standard. Assuming the house was purchased in August 2005, there is no evidence clearly establishing who owns the house. Although Shannon testified that she was the one who "actually wrote up the contract" and that her name is on the deed, she also stated that she and Bradley each owned half the residence because "Texas is a community property state." Neither the contract nor the deed she referred to was offered in evidence. Bradley testified that the house was bought as a foreclosure in 2004, but he did not dispute that he and Shannon shared the house equally. To the contrary, he testified that "[w]e owe 192 [thousand dollars] on the house" and "*we* got quite a bit of equity [in it]."

Because the evidence does not trace and clearly identify the house as Bradley's separate property, it does not clearly and convincingly rebut the community presumption.[13]

## B. The Trucks and the BMW

In addition, Bradley claims that the trial court erred by characterizing the Dodge truck, the BMW, and the Ford truck as community property and

---

[13] ... *See Evans*, 14 S.W.3d at 346.

contends that they are his separate property. Bradley, however, offered no evidence of ownership of these vehicles other than the following testimony of Shannon:

> Q. And the three vehicles that you mentioned, the 2004 Dodge truck, 1997 BMW, and the 1995 Ford truck, were those purchased by Mr. Wilkinson before marriage?
>
> A. The Dodge truck was purchased before marriage, the BMW was purchased before marriage, and the Ford truck was purchased before marriage, but not by him.
>
> Q. And who was the Ford truck purchased by?
>
> A. The both of us.

Although this testimony does establish that Shannon and Bradley purchased the Dodge truck, the BMW, and the Ford truck "before marriage," there is no clear and convincing evidence tracing and clearly identifying Bradley as the owner of the vehicles prior to marriage.

C. The Four-Wheelers

Bradley further contends that the trial court mischaracterized two four-wheelers as community property. He asserts that one four-wheeler is his separate property and that the other four-wheeler is his and Shannon's jointly owned separate property.

The only evidence Bradley points to as establishing ownership of the four-wheelers is the following testimony of Shannon:

> Q.   And the two children's four-wheelers, how were those purchased?
>
> A.   One of those is his daughter's, and the other one was purchased before marriage by money in a joint account.

This testimony does not trace and clearly identify by clear and convincing evidence the ownership of the four wheelers to either Bradley or Shannon before marriage.  Although Shannon mentions that money from a joint account was used to purchase one of the four wheelers "before marriage," it does not specify who purchased it.  Her testimony is, therefore, insufficient to rebut the presumption that the four wheelers possessed during marriage were community property.

## VI.  Conclusion

Because Bradley has failed to produce clear and convincing evidence that rebutted the community property presumption with regard to the property at issue, the trial court did not abuse its discretion in characterizing the property as community property and dividing it as part of the community estate.  For

these reasons, we overrule all of Bradley's points of error and affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  December 31, 2009