ACCEPTED
13-15-00306-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/20/2015 7:43:27 AM
Dorian E. Ramirez
CLERK

CAUSE NO. 13-15-00306-CV

IN THE

COURT OF APPEALS

FOR THE

THIRTEENTH DISTRICT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/20/2015 7:43:27 AM
DORIAN E. RAMIREZ
Clerk

ROBERTO VAZQUEZ
APPELLANT

V.

MARIA ANGELICA VAZQUEZ
APPELLEE

APPELLANT'S AMENDED REPLY BRIEF

KATRINA DANNHAUS PACKARD
SBN: 15402400
523 NORTH MAIN STREET
P. O. BOX 119
SCHULENBURG, TEXAS 78956
TEL: (979) 743-4574
FAX: (979) 743-4575
EMAIL: kdpwall@cvctx.com
ATTORNEYS FOR APPELLANT

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................... i

INDEX OF AUTHORITIES ............................................... ii

CORRECTION TO ANGLICA'S STATEMENT OF FACTS ................. 1

SUMMARY OF ARGUMENT .......................................... 2

REPLY ISSUE

    1.    The trial court abused its discretion by not enforcing the intent of the parties in the mediated settlement agreement ..... 3

    2.    The trial court abused its discretion by acting arbitrarily or unreasonably, without reference to any guiding rules and principles; i.e., ruling without supporting evidence ........... 4

PRAYER ................................................................. 6

CERTIFICATE OF SERVICE ........................................... 7

i

# INDEX OF AUTHORITIES

**Cases**

*Evans v. Evans,* 14 S.W. 3d 343
(Tex. App - Houston [1st Dist.] 2000, no pet.) ..................................................... 5

*Frost Nat'l Bank v. L & F Distribs.,* 165 S.W. 3d 310
(Tex. 2005) (per curiam) ..................................................... 3

*Richardson v. Richardson,* 424 S.W. 3d 691, 696
(Tex. App - El Paso 2014, no pet.) ..................................................... 4

*SP Terrace, L.P. v. Meritage Homes of Texas, LLC,* 334 S.W. 3d 275
(Tex. App. Houston [1st Dist] 2010, no pet.) ..................................................... 4

**Statutes**

Tex. Fam. Code Ann §7.001 ..................................................... 3

**Other Authorities**

Black's Law Dictionary, 5th Ed. 1979 ..................................................... 2

# AMENDED REPLY BRIEF TO RESPONSE ISSUES PRESENTED

## A. CORRECTION TO ANGELICA'S STATEMENT OF FACTS

In Angelica's Statement of Facts, she misstates the record as to whether Robert provided *any evidence* of his efforts to apply for a loan.

The court record evidences that on January 13, 2015, Roberto filed a Motion to Set Aside the Mediated Settlement Agreement based upon its specific and contractual terms and provided the Court with a Wells Fargo Application and Denial of Loan. CR 55-66. In the subsequent hearings Roberto testified that he had applied for a loan (and was denied) to Tex Star. 3 RR 20:2-23; 21:2-25. The court record further reflects that Roberto also made application for a loan (and was denied) to the Fayette Savings Bank. CR 114-136. The court record evidences that Roberto made application for a loan (and was denied) to the Fayetteville Bank. CR 137-157.

Duke Hengst, Senior Vice President of Loans at National Bank & Trust testified that Roberto did timely make an application on November 26 for a loan in the amount of $250,000.00. RR 3:9. Angelica agrees that a full and complete reading of the record presented by this appeal reveals that the bank officer could not state whether or not Roberto would have secured the loan. RR 3:17-18.

1

Nonetheless, the trial court abused its discretion by not considering the evidence and setting aside the mediated settlement agreement based on the agreement's terms and provisions.

## SUMMARY OF ARGUMENT

Angelica agrees in her brief that the mediated settlement agreement was enforceable between the parties. However, she focuses on the distinction between "effort" and "best effort", arguing that Roberto breached the mediated settlement agreement because he withdrew his loan application at the National Bank & Trust.

The mediated settlement agreement is void of any specific terms, banks or financial institutions in which Roberto was limited in making a loan application to fulfill the requirements of the mediated settlement agreement. The use of effort, as defined by both parties in their briefs to this Court reflect the use of 'an attempt; an endeavor, a struggle directed to the accomplishment of an object". Blacks Law Dictionary, 5th Ed. 1979. There is more than sufficient evidence that Roberto used his 'efforts' in his attempt to 'secure a loan'. He made applications at four financial institutions. He withdrew one application and was denied a loan at the remaining three financial institutions.

Therefore, Angelica's argument has no merit and the trial court abused its discretion in not enforcing the terms of the mediated settlement agreement.

2

In addition, Angelica argues that the trial court has discretion to divide the community property. Texas Family Code § 7.001 Nonetheless, the trial court did not have the discretion to set aside the mediated settlement agreement and, without receiving any evidence, make a division of community property.

Based on the evidence and the actions of the trial court, Roberto requests this Court to reverse and remand this matter to the trial court to follow the dictate of the Texas Supreme Court in its rulings as to mediated settlement agreement.

## REPLY ISSUE NO. 1

### THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ENFORCING THE INTENT OF THE PARTIES IN THE MEDIATED SETTLEMENT AGREEMENT

Angelica does not dispute the enforceability of the mediated settlement agreement as provided in her argument to this court. Angelica argues that this Court must 'ascertain and give effect to the parties' intentions as expressed in the document. *Frost Nat'l Bank v. L & F Distribs.*, 165 S.W. 3d 310, 311-12 (Tex. 2005) (per curiam). As shown in the mediated settlement agreement the 'intent' of the parties was specific in the language of the agreement itself:

> **The Parties agree that this Agreement is expressly contingent upon Roberto getting the loan necessary to allow him to pay Angelica the $250,000.00 required by this Agreement and in the event he is not able to secure such a loan, this Agreement shall be of no further force and effect.**

CR 27.

3

Roberto agrees with Angelica that this Court must give contractual terms their plain, ordinary, and generally accepted meaning unless the contract shows that the parties intended a different meaning to control. *See SP Terrace, L.P. v. Meritage Homes of Texas, LLC,* 334 S.W. 3d 275, 281 (Tex. App. - Houston [1st Dist.] 2010, no pet. The contractual terms and the *intent* of the parties is stated clearly in the mediated settlement agreement: the agreement was *contingent* upon Roberto *getting the loan* and *if he is not able to secure such a loan,* then the agreement *shall be of no further force and effect.* CR 27.

The intent between the parties could not be more clear. Roberto did not breach the mediated settlement agreement. The evidence is clear that he was unable to secure a loan. Therefore, the trial court abused its discretion by not following the intent of the parties and setting aside the mediated settlement agreement.

## REPLY ISSUE NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION BY ACTING UNREASONABLY WITHOUT REFERENCE TO ANY GUIDING RULES AND PRINCIPLES; I.E., RULING WITHOUT SUPPORTING EVIDENCE**

Angelica further argues that the trial court has discretion make a division of the parties' property upon divorce. Nonetheless, there is no evidence in the record that the trial court had sufficient information upon which to exercise its discretion in making a division of property. *Richardson v. Richardson,* 424 S.W. 3d 691,

4

696 (Tex. App. - El Paso 2014, no pet.). A trial court abuses its discretion by acting arbitrarily or unreasonably, without reference to any guiding rules and principles; i.e., ruling without supporting evidence. *Evans v. Evans*, 14 S.W. 3d 343, 345-46 (Tex. App. - Houston[14th Dist.] 2000, no pet. There was no evidence that if Roberto was unable to secure a loan, the Court or the parties would sell the community real property to satisfy the $250,000.00. The record is devoid that the trial court received *any evidence* in order to allow it the discretion to render an opinion in making a division of the property.

At the close of the hearing, through the aid of a Spanish speaking interpreter, the trial court admonished Roberto and made the following findings of fact:

> He agreed to pay her 250,000 in the mediated settlement agreement by a loan. **And because he did not get that loan,** I'm ordering the property sold so Ms. Vazquez can be paid the $250,000. 4 RR 38: 10-13. emphasis added.

> I'm following their mediated settlement agreement. So even if they appeal and an appellate court would say I'm wrong, it comes back to me. I have discretion to divide it at that point. The property may be sold at that point to give them the money. I'm trying to save him money by making him understand that. And I don't know how I would divide all of this at that point because all of the assets, all of the debts, all of the property would be before me at that point for me to fully decide.

> But the point is, at that point, the property might be sold then. This needs to be resolved. **My ruling is as close to the mediated settlement as I could get.** 44 RR 39: 1-16. emphasis added.

The evidence reflects that the trial court admits that it abused its discretion in its statement on the record: *So even if they appeal and an appellate court would say I'm wrong, it comes back to me.* **I have discretion to divide it at that point.** *Id.* Therefore, by the trial court's own admission, it has abused its discretion. Therefore, this Court should reverse and remand to the trial court to enforce the terms of the mediated settlement agreement.

## PRAYER

The trial court clearly abused its discretion by not giving effect to the parties intentions as expressed in the mediated settlement agreement and by making a division of community property without any supporting evidence. Therefore, Roberto respectfully requests this Court to reverse the trial court's ruling, set aside the mediated settlement agreement as provided by its terms and remand this matter to the trial court consistent with the applicability of the law of Texas and for such further relief to which Roberto Vazquez shows himself justly entitled.

Respectfully submitted,

*Katrina Dannhaus Packard*

Katrina Dannhaus Packard
Katrina Dannhaus Packard, P.C.
SBN 15402400
523 North Main Street
P. O. Box 119
Schulenburg, Texas 78956
Tel: (979) 743-4574
Fax: (979) 743-4574
Email: kdpwall@cvctx.com

## CERTIFICATE OF COMPLIANCE

As the attorney of record for Roberto Vazquez, Appellant, I certify that I have complied with Tex. R. App. Proc. 9.4 in the preparation and presentation of this brief to the Thirteenth Court of Appeals.

*Katrina Dannhaus Packard*

Katrina Dannhaus Packard

## CERTIFICATE OF SERVICE

In accordance with Tex. R. Civ. Proc. 21a, a copy of this pleading is being provided, *via e-filing,* on the 20th day of October, 2015 to the following counsel of record:

Ms. Deborah S. McClure
P. O. Box 968
Tahoka, Texas 79373
Fax: (806) 998-4863
Email: deborahm@huffaker-law.com

*Katrina Dannhaus Packard*

Katrina Dannhaus Packard