Opinion issued July 10, 2003















In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-03-00155-CV

____________


IN RE WESLEY SPENCER HOOD, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 In this mandamus proceeding, we must decide if death-penalty sanctions are
appropriate in a child-custody proceeding. We hold they are not.



Facts


 Relator, Wesley Spencer Hood, and the real party in interest, Elaine Ann Hoag,
are divorced. (1) In 1999, the district court modified the child-custody provisions of the
divorce decree, naming both Hood and Hoag as joint managing conservators of R.R.,
their minor child, and specifying that R.R. primarily reside with Hoag. In July 2002,
Hood filed a motion to modify the 1999 order, in which he requested the district court
to appoint him as sole managing conservator based on his allegations that R.R. had
been sexually molested on multiple occasions by both Hoag's new husband and her
stepson. Acting ex parte, the district court rendered a temporary order naming Hood
temporary sole managing conservator of R.R. and set an October hearing.

 In August, Hoag served various discovery requests on Hood, which Hood did
not answer. Hoag then moved for sanctions and set an October 25 hearing. Because
Hood's attorney anticipated being in trial in another court until October 28, Hoag
later reset the hearing to November 1. Hood also asked Hoag to reset an October 28
mediation. The other trial settled on October 25, and Hood's attorney claims she had
no time to reinstate the October 28 mediation.

 Hoag appeared at the October 28 mediation. When Hood did not appear, Hoag
paid the mediator $250, filed a motion for sanctions, and set the motion for an
October 30 hearing. On October 30, Hood's attorney told the clerk and Hoag's
attorney that, if she was not present at the time of the hearing, she would be in a
hearing in either the 247th or 308th District Courts. When neither Hood nor his
attorney appeared at the sanctions hearing, the district court called the other two
courts and found that Hood's attorney was not present in either. The district court
proceeded to hear Hoag's motion for sanctions, which was premised on both Hood's
failure to respond to discovery and his failure to attend the October 28 mediation.

 At the October 30 hearing, the district court (2) orally declined to award discovery
sanctions, but did orally fine Hood $1,000, payable to the Harris County District
Clerk, for Hood's failure to appear at the mediation. In connection with the
mediation, the district court orally awarded Hoag $250 for the mediator's fees and
orally awarded Hoag's attorney $1,000 in attorney's fees. In its written orders signed
on October 31, the district court (1) rendered judgment, in connection with the
mediation, in favor of Hoag for $250 for mediator's fees and in favor of Hoag's
attorney for $1,000 in attorney's fees and (2) fined Hood $1,000, payable to the
Harris County District Clerk by November 13, as a discovery sanction, with the
proviso that Hood's pleadings would be stricken if he did not answer Hoag's
discovery without objection by November 10.


 Hood neither paid $1,000 to the Harris County District Clerk nor answered
Hoag's discovery. Instead, he filed a motion to set aside the sanction orders. The
district court heard the motion on February 4, 2003 and limited the hearing to whether
Hood had complied with the October 31, 2002 order regarding discovery. The court
found that Hood had not complied and struck his pleadings. On February 10, the
district court signed an order striking all of Hood's pleadings. Trial was set for
February 24.

 Hood filed his petition for writ of mandamus on February 20, complaining of
the district court's February 10, 2003 order striking his pleadings and the October 31,
2002 order that Hood pay $1,000 to the district clerk as a sanction for Hood's failure
to respond to discovery. See generally Tex. R. App. P. 52 (governing original
proceedings). Hood asked for temporary relief to stay the February 24 trial and to
stop enforcement of the two money judgments. See Tex. R. App. P. 52.10. Hood
argued that, unless we granted a stay, the trial would commence and be decided by
default based on his lack of pleadings, the temporary order appointing him as R.R.'s
temporary sole managing conservator would be terminated, and R.R. would be
returned to a household where he alleges she has been molested.

 We stayed the trial and agreed that Hood was entitled to temporary injunctive
relief regarding the $1,000 fine payable to the Harris County District Clerk, on the
condition that Hood pay $1,000 into the registry of the court or post a $1,000 bond
with the Harris County District Clerk. After Hood paid the $1,000 into the registry
of the court, the Clerk of this Court issued two writs of temporary injunction
commanding Hoag and her attorney to desist and refrain from executing or otherwise
enforcing the monetary provisions of the district court's October 31, 2002 order until
this Court issued a decision on the petition for writ of mandamus. (3)

Availability of Mandamus Relief


 A court of appeals may issue a writ of mandamus, "agreeable to the principles
of law regulating those writs," against a judge of a district court. Tex. Gov't Code
Ann. § 22.221(b)(1) (Vernon Supp. 2003). We may grant mandamus relief to correct
a clear abuse of discretion or a violation of a duty imposed by law when there is no
adequate remedy by appeal. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304,
305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); Johnson v.
Honorable Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

 We conclude Hood has no adequate remedy by appeal for the death-penalty
sanctions. When a district court imposes discovery sanctions that have the effect of
precluding a decision on the merits of a party's claim--such as striking pleadings--a
party's eventual remedy by appeal is inadequate, unless the sanctions are imposed
simultaneously with the rendition of a final, appealable judgment. Walker, 827
S.W.2d at 843; TransAmerican Nat'l Gas Corp. v. Powell, 811 S.W.2d 913, 920 (Tex.
1991). In addition, a remedy by appeal is often inadequate to protect the rights of
children in family-law matters. Canadian Helicopters, 876 S.W.2d at 307. 
Accordingly, we must decide whether the district court committed a clear abuse of
discretion by striking Hood's pleadings.

Death-Penalty Sanctions

 In issue three, Hood challenges the imposition of death-penalty sanctions by
the district court. Before a court imposes sanctions, it must determine whether (1)
there is a direct relationship between the offensive conduct and the sanction imposed
and (2) the sanction is no more severe than necessary to satisfy its legitimate purpose. 
TransAmerican, 811 S.W.2d at 917; In re N.R.C., 94 S.W.3d 799, 810-12 (Tex.
App.--Houston [14th Dist.] 2002, pet. filed). Here, there is a direct relationship
between Hood's refusal to respond to discovery and the sanction. The district court
also attempted to impose lesser sanctions--fines--before striking Hood's pleadings. 
The question then is whether a death-penalty sanction is too severe in a child-custody
proceeding, even if we presume that the party's bad conduct justifies the district
court's imposition of some sanction.

 The primary consideration in a district court's decision to modify a child-custody decree or order is whether modification is in the best interest of the child. 
Tex. Fam. Code Ann. § 156.101 (Vernon 2002). Although we are reluctant to hold
that it can never be in the best interest of the child to determine a child-custody
proceeding without reaching the merits, we believe that only a most unusual set of
facts would support such an action--one in which the offending party was seeking
the modification solely for harassment or some similar, improper motive. We need
not reach that broader question, however, because the facts in this case are not so
extreme that they would support modifying the child-custody decree without reaching
the merits to consider the best interest of R.R.

 The district court's primary responsibility in a modification proceeding is to
consider the best interest of the child, not to punish an offending party. See id. The
offending party's conduct is nonetheless relevant when the district court determines
on the merits whether it is in the best interest of the child to modify the offending
party's possession or access to the child. Likewise, to punish the offending party, the
district court may certainly employ sanctions that do not affect the best interest of the
child.

 Accordingly, we hold the district court abused its discretion in striking Hood's
pleadings. We do not reach Hood's alternate contention in issue one--that the
district court granted death-penalty sanctions without proper notice.

$1,000 Fine

 In issue two, Hood challenges the propriety of the district court's $1,000 fine
payable to the Harris County district court. Because we hold that Hood has an
adequate remedy by appeal to challenge the fine, mandamus is not available on this
issue. E.g., Walker, 827 S.W.2d at 839.

Conclusion


 We grant Hood's requested mandamus relief concerning the district court's
order striking Hood's pleadings. We deny Hood's requested mandamus relief
regarding the $1,000 fine. Because we assume the district court will vacate its order
striking Hood's pleadings, there is no need at this time for the Clerk of this Court to
issue the actual writ of mandamus to the judge of the district court.

 We lift our February 21, 2003 stay order and vacate the two February 24, 2003
temporary injunction orders. Finally, we order the Harris County District Clerk to
maintain Hood's $1,000 cash deposit in the registry of the district court pending
further orders from either (1) the appellate court, in the event there is an appeal in
which the district court's October 31, 2002 $1,000 discovery order is challenged, or
(2) the district court, if no such appeal is filed.



Tim Taft

Justice


Panel consists of Justices Taft, Keyes, and Higley.
1. - 
 
2. 
 
3.