IN RE R.T.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-356-CV

IN THE INTEREST OF 

R.T.H. 

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction and Procedural Background

Appellant Steve H. appeals the trial court’s order denying his petition to modify an Agreed Order of Parentage
(footnote: 1) as to R.T.H.  Appellant is a joint managing conservator of R.T.H. along with R.T.H.’s mother, appellee Cynthia W., who has the exclusive right to determine R.T.H.’s primary residence within Tarrant County and contiguous counties.  Appellant did not seek a change in the joint managing conservator status of the parties; instead, he sought to be named the joint managing conservator with the exclusive right to determine R.T.H.’s primary residence.  In three points, appellant contends that the trial court erred by denying his petition because the retention of appellee as the parent with the exclusive right to establish R.T.H.’s primary residence is not supported by the evidence, is contrary to the law, and results in a possession order that does not protect R.T.H.’s safety and well-being.

All three of appellant’s points are based on his contention that the trial court was statutorily compelled to grant appellant the relief he sought because he presented “credible evidence . . . of a history or pattern of past or present . . . physical . . . abuse” of appellant by appellee.  
Tex. Fam. Code Ann.
 § 153.004(b) (Vernon Supp. 2004-05).  Section 153.004(b) of the family code provides that a trial court may not “
appoint
 joint managing conservators if credible evidence is presented of a history or pattern of past or present . . . physical . . . abuse by one parent directed against the other parent.”  
Id
. (emphasis added). 

Factual Background

Appellant testified that on March 19, 2000, appellee came to his apartment and assaulted him by “punching [him] and grabbing [him] by the neck and scratching [him].”  On cross-examination, appellant explained that appellee was trying to get in the door, and he was trying to keep her out.  He pushed on the door while appellee was in between the doorframe and the door, but he “didn’t open [the door] any wider than probably eight inches.”  R.T.H. did not see what happened because he was in the bathroom at the time with appellant’s then-girlfriend.  Appellant had instructed her to take R.T.H. to the bathroom because he was afraid appellee would try to take R.T.H.  Appellee was arrested and taken to jail. 

A magistrate issued a protective order against appellee in favor of appellant, and the 324th District Court of Tarrant County issued a subsequent protective order in which it found that appellee had committed family violence.  The district court later vacated the protective order and replaced it with an agreed protective order that did not contain a finding of family violence.  

Appellant also testified that appellee assaulted him two other times, but he did not give any details regarding these assaults, nor did he say when any of these assaults occurred. 

Appellee testified that when she went to appellant’s apartment on March 19, 2000, he tried to shut the door, and she tried to open it.  She was not able to get in the door.  According to appellee, appellant “was pushing the door back on me, shoving me.”  When asked, “Did you shove back?” and “Did you hit back?”, appellee answered “Yes.”  As a result, appellee pleaded no contest to criminal trespass and was placed on deferred adjudication.  In the final social study prepared for the court, the caseworker noted that appellee “admits hitting” appellant on March 19, 2000. 

Effect of Family Violence Finding in Modification Proceeding

Appellant contends that the trial court’s denial of his motion to modify is contrary to family code section 153.004, which requires the trial court to take a history of domestic violence into account when making conservatorship and possession determinations.  
Tex. Fam. Code Ann
. § 153.004(b).  A single act of violence or abuse can constitute a “history” of physical abuse for purposes of section 153.004(b).  
In re Marriage of Stein
, 153 S.W.3d 485, 489 (Tex. App.—Amarillo 2004, no pet.).  But section 153.004(b) prohibits the trial court from 
appointing
 joint managing conservators “if credible evidence is presented of a history or pattern of past or present . . . physical . . . abuse by one parent directed against the other parent.”  
Tex. Fam. Code Ann
. § 153.004(b).  Here, the Agreed Order of Parentage already named both parties joint managing conservators, and appellant was seeking only to alter the designation of the parent with the exclusive right to determine the child’s primary residence.

Family code section 156.101 provides that a trial court may modify an order appointing conservators and establishing conditions of conservatorship if (1) modification would be in the best interest of the child and (2) “the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the . . . date of the rendition of the order.”  
Id
. § 156.101(1)(A) (Vernon Supp. 2004-05).  An order deferring adjudication of a joint managing conservator for an offense involving family violence “is a material and substantial change of circumstances 
sufficient to justify . . . modification of an existing court order
.“  
Id
. § 156.1045(a) (Vernon 2002) (emphasis added).

Thus, if the trial court had named appellant as the parent with the exclusive right to determine R.T.H.’s primary residence, evidence that appellee was placed on deferred adjudication for the March 19, 2000 incident would be sufficient to support the modification.  But section 156.1045 does not 
compel
 the trial court to modify an existing order in such a circumstance.  
See id
.  In a modification proceeding, the best interest of the child must always be the trial court’s primary concern.  
Id
. §§ 153.002 (Vernon 2002), 156.101; 
In re Hood
, 113 S.W.3d 525, 529 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).

Here, the evidence supports the trial court’s implied finding that the denial of appellant’s petition is in R.T.H.’s best interest.
(footnote: 2)  Appellee presented evidence that she had successfully completed her deferred adjudication community supervision and that she had attended and successfully completed batterer’s intervention and parenting classes.  The social study prepared for the court took the March 19, 2000 incident into consideration in recommending that the parties’ current conservatorship designations be retained.  Specifically, the caseworker concluded that

[R.T.H.] should continue to live with his mother, with his father having generous visitation.  He has lived with his mother since his birth and now has a brother in his mother’s home.  There should be very compelling reasons to warrant moving a six year old child from the home he has always lived in.  The allegations made by the father are not substantial enough to warrant such a move, even though the father wants to provide a home for him.  The mother is currently more stable than she may have been in years, having a husband, new baby, and being able to stay home with the children.

Thus, applying the appropriate standard of review,
(footnote: 3) we hold that the trial court did not abuse its discretion by denying appellant’s petition to modify the Agreed Order of Parentage. 

Conclusion

We overrule appellant’s three points and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED:  September 29, 2005

FOOTNOTES
1:
In addition to adjudicating R.T.H. the child of Steve H., the order established terms and conditions of conservatorship of R.T.H.

2:
Appellant does not challenge the evidence on best interest grounds, arguing instead that the trial court was statutorily compelled to grant him the relief he requested.

3:
Gillespie v. Gillespie
, 644 S.W.2d 449, 451 (Tex. 1982) (holding that judgment of trial court as to best interest of child in determining conservatorship will not be reversed absent abuse of discretion); 
Seidel v. Seidel
, 10 S.W.3d 365, 368 (Tex. App.—Dallas 1999, no pet.) (reviewing trial court’s denial of modification for abuse of discretion); 
see also
 
In re Z.B.P.
, 109 S.W.3d 772, 777 n.2 (Tex. App.—Fort Worth 2003, no pet.) (“[L]egal and factual sufficiency are not independent grounds for review in modification cases, but are only relevant factors in assessing whether the lower court abused its discretion.”).