

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00441-CV

IN THE INTEREST OF J.P.M., A
CHILD

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant F.M. (Father) and Appellee G.P.M (Mother) entered into an agreed decree of divorce in December 2001. The decree appointed Father and Mother joint managing conservators of their child, J.P.M., but gave Mother the exclusive right to designate J.P.M.'s primary residence. In January 2011, Father filed a petition to modify the parent-child relationship, seeking appointment as the person with the exclusive right to establish J.P.M.'s primary residence. Trial was to the bench, which denied Father's petition. In a single issue, Father argues that the trial court abused its discretion by denying his petition to modify

---

[1]See Tex. R. App. P. 47.4.

conservatorship because "there is practically no evidence, and the evidence is certainly insufficient, to support a <u>denial</u> of the requested modification." We will affirm.

Mother initially contends that Father waived his argument for appellate review because his attorney agreed to both the form and substance of the order denying the petition to modify. For a judgment to be considered an agreed or consent judgment such that no appeal can be taken, either the body of the judgment itself or the record must indicate that the parties came to some agreement as to the case's disposition; simple approval of the form and substance of the judgment does not suffice. *DeClaris Assocs. v. McCoy Workplace Solutions, L.P.*, 331 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Leeper v. Woodrick*, No. 02-04-00371-CV, 2005 WL 1475614, at *2 (Tex. App.—Fort Worth June 23, 2005, no pet.) (mem. op.). Father did not waive his right to appeal because the parties did not come to any agreement regarding the disposition of the petition to modify. The case was—and continues to be—contested.

We review the trial court's modification of managing conservatorship for an abuse of discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh'g); *see In re A.B.H.*, 266 S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (applying standard). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Low v. Henry*, 221

S.W.3d 609, 614 (Tex. 2007). Legal and factual sufficiency are not independent grounds of error in modification cases, but they are relevant factors in deciding whether the trial court abused its discretion. *T.D.C.*, 91 S.W.3d at 872.

The family code authorizes a trial court to modify an order that provides for the terms and conditions of conservatorship if (1) modification would be in the best interest of the child and (2) the child is at least twelve years old and has expressed to the court in chambers, as provided by section 153.009, the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child. Tex. Fam. Code Ann. § 156.101(a)(2) (West Supp. 2011); *see also id.* § 153.009 (West 2008). In this case, the trial court did not file any separate findings of fact and conclusions of law, but it did state in the final order that it "finds that it would not be in the best interest of the child to modify primary possession of the child." Also, the trial court met with J.P.M. and later stated in a letter to the parties that it "realize[s] that [J.P.M.] wants to live with his father." Therefore, like Mother and Father, we will focus our analysis on the best-interest prong.[2]

---

[2]To the extent that the trial court's statement in the final order that modification is not in J.P.M.'s best interest is a finding of fact, it is reviewable for legal and factual sufficiency of the evidence. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). To the extent that the statement is not a finding of fact, a complete reporter's record was filed, and Father may challenge the sufficiency of the evidence to support the implied best-interest finding. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.).

A court's primary consideration when determining issues of conservatorship shall always be the best interest of the child. Tex. Fam. Code Ann. § 153.002 (West 2008). Courts may use a nonexhaustive list of factors to determine the child's best interest. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *T.D.C.*, 91 S.W.3d at 873. Those factors include:

(A)     the desires of the child;

(B)     the emotional and physical needs of the child now and in the future;

(C)     the emotional and physical danger to the child now and in the future;

(D)     the parental abilities of the individuals seeking custody;

(E)     the programs available to assist these individuals to promote the best interest of the child;

(F)     the plans for the child by these individuals or by the agency seeking custody;

(G)     the stability of the home or proposed placement;

(H)     the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I)     any excuse for the acts or omissions of the parent.

*Holley*, 544 S.W.2d at 371–72 (citations omitted). Other factors to consider in modification suits include the child's stability and the need to prevent constant litigation in child custody cases. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000).

Here, Father testified that he filed the petition to modify because J.P.M. had pleaded with him to do so on several occasions. Father opined that it was in J.P.M.'s best interest to grant the petition to modify because Father is "clearly a

better parent" than Mother. According to Father, he has a technical degree in mechanical engineering; he can better help J.P.M. (whose grades had recently suffered) with his homework; and he has "more knowledge of what it[1]s like to be a fifteen year old being raised in American culture." Although Father currently leaves for work five days a week at 6:00 a.m., he explained that if J.P.M. lived with him, he could adjust his schedule so that he leaves for work a little after 8:00 a.m. and returns in time to meet J.P.M. Father described Mother, who is originally from Colombia, as an "average mother"; he declined to describe her as a "bad mother." Father acknowledged that Mother lives only about 500 feet from his residence, that he goes to the gym after work three to four times a week for over an hour, that he had taken J.P.M. out of school three times without permission and once for an office Christmas party, that he could not name any of J.P.M.'s teachers, and that he had bought J.P.M. a dirt bike and a .22 rifle, which Father kept locked away.

Mother opined that it is in J.P.M.'s best interest to live with her. She testified that she is around children all day because she works as a teacher for "Child Care Associate"; that she has worked in a "Head Start" program for ten years; that she has taken English lessons on and off and has no difficulty reading English; that she is a United States citizen; and that she permits J.P.M. to visit Father even when J.P.M. is not scheduled to do so. Mother explained that she set up tutoring for J.P.M., that she told J.P.M.'s teachers to contact her with any concerns they have about J.P.M.'s schoolwork, that she registered J.P.M. for

5

soccer, and that she helped J.P.M. sign up for band. Mother expressed concern that J.P.M. was too young to learn how to ride a dirt bike or to use a gun, and she testified that Father had a temper, used bad language around J.P.M., was a "very aggressive" person, and had once left a gun on a night table at his house when J.P.M. was there.

Having reviewed the short record, we conclude that the trial court had sufficient evidence upon which to determine that it would not be in J.P.M.'s best interest to modify the conservatorship such that Father would have the exclusive right to designate J.P.M.'s primary residence. Accordingly, we hold the trial court did not abuse its discretion by denying Father's petition to modify conservatorship. *See, e.g., In re R.T.H.*, 175 S.W.3d 519, 521–22 (Tex. App.—Fort Worth 2005, no pet.) (holding that conflicting evidence in modification proceeding supported trial court's implied finding that denial of petition to modify was in child's best interest and that trial court did not abuse its discretion by denying petition). We overrule Father's sole issue and affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED: June 28, 2012

6