02-11-441-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00441-CV

 

 


 
 
 In the Interest of J.P.M., A Child
 
 
  
 
 
  
 
 


 

----------

FROM THE 324th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
F.M. (Father) and Appellee G.P.M (Mother) entered into an agreed decree of
divorce in December 2001.  The decree appointed Father and Mother joint
managing conservators of their child, J.P.M., but gave Mother the exclusive
right to designate J.P.M.’s primary residence.  In January 2011, Father filed a
petition to modify the parent-child relationship, seeking appointment as the person
with the exclusive right to establish J.P.M.’s primary residence.  Trial was to
the bench, which denied Father’s petition.  In a single issue, Father argues
that the trial court abused its discretion by denying his petition to modify
conservatorship because “there is practically no evidence, and the evidence is
certainly insufficient, to support a denial of the requested
modification.”  We will affirm.

            Mother
initially contends that Father waived his argument for appellate review because
his attorney agreed to both the form and substance of the order denying the
petition to modify.  For a judgment to be considered an agreed or consent
judgment such that no appeal can be taken, either the body of the judgment
itself or the record must indicate that the parties came to some agreement as
to the case’s disposition; simple approval of the form and substance of the
judgment does not suffice.  DeClaris Assocs. v. McCoy Workplace Solutions,
L.P., 331 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2011, no pet.); Leeper
v. Woodrick, No. 02-04-00371-CV, 2005 WL 1475614, at *2 (Tex. App.—Fort
Worth June 23, 2005, no pet.) (mem. op.).  Father did not waive his right to
appeal because the parties did not come to any agreement regarding the
disposition of the petition to modify.  The case was—and continues to
be—contested.

We
review the trial court’s modification of managing conservatorship for an abuse
of discretion.  In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.—Fort
Worth 2002, pet. denied) (op. on reh’g); see In re A.B.H., 266
S.W.3d 596, 601 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g) (applying
standard).  A trial court abuses its discretion if it acts arbitrarily and
unreasonably or without reference to guiding principles.  Iliff v. Iliff,
339 S.W.3d 74, 78 (Tex. 2011); Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007).  Legal and factual sufficiency are not independent grounds of
error in modification cases, but they are relevant factors in deciding whether
the trial court abused its discretion.  T.D.C., 91 S.W.3d at 872.

The family code authorizes a
trial court to modify an order that provides for the terms and conditions of
conservatorship if (1) modification would be in the best interest of the
child and (2) the child is at least twelve years old and has expressed to
the court in chambers, as provided by section 153.009, the name of the person
who is the child’s preference to have the exclusive right to designate the
primary residence of the child.  Tex. Fam. Code Ann. § 156.101(a)(2) (West
Supp. 2011); see also id. § 153.009 (West 2008).  In this case, the trial court did not file any
separate findings of fact and conclusions of law, but it did state in the final
order that it “finds that it would not be in the best interest of the child to
modify primary possession of the child.”  Also, the trial court met with
J.P.M. and later stated in a letter to the parties that it “realize[s] that
[J.P.M.] wants to live with his father.”  Therefore, like Mother and Father, we will focus our analysis on the best-interest prong.[2]

A court’s primary
consideration when determining issues of conservatorship shall always be the
best interest of the child.  Tex. Fam. Code Ann. § 153.002 (West 2008).  Courts
may use a nonexhaustive list of factors to determine the child’s best
interest.  Holley v. Adams, 544 S.W.2d 367, 371–72 (Tex. 1976); T.D.C.,
91 S.W.3d at 873.  Those factors include:

(A)     the desires of the child;

(B)     the emotional and physical needs of the child
now and in the future;

(C)     the emotional and physical danger to the child
now and in the future;

(D)     the parental abilities of the individuals
seeking custody;

(E)     the programs available to assist these
individuals to promote the best interest of the child;

(F)     the plans for the child by these individuals
or by the agency seeking custody;

(G)     the stability of the home or proposed
placement;

(H)     the acts or omissions of the parent which may
indicate that the existing parent-child relationship is not a proper one; and

(I)      any excuse for the acts or omissions of the
parent.

Holley,
544 S.W.2d at 371–72 (citations omitted).  Other factors to consider in
modification suits include the child’s stability and the need to prevent constant
litigation in child custody cases.  In re V.L.K., 24 S.W.3d 338,
343 (Tex. 2000).

Here,
Father testified that he filed the petition to modify because J.P.M. had
pleaded with him to do so on several occasions.  Father opined that it was in
J.P.M.’s best interest to grant the petition to modify because Father is
“clearly a better parent” than Mother.  According to Father, he has a technical
degree in mechanical engineering; he can better help J.P.M. (whose grades had recently
suffered) with his homework; and he has “more knowledge of what it[’]s
like to be a fifteen year old being raised in American culture.”  Although
Father currently leaves for work five days a week at 6:00 a.m., he explained
that if J.P.M. lived with him, he could adjust his schedule so that he leaves
for work a little after 8:00 a.m. and returns in time to meet J.P.M.  Father
described Mother, who is originally from Colombia, as an “average mother”; he declined
to describe her as a “bad mother.”  Father acknowledged that Mother lives only
about 500 feet from his residence, that he goes to the gym after work three to
four times a week for over an hour, that he had taken J.P.M. out of school three
times without permission and once for an office Christmas party, that he could
not name any of J.P.M.’s teachers, and that he had bought J.P.M. a dirt bike
and a .22 rifle, which Father kept locked away.

Mother
opined that it is in J.P.M.’s best interest to live with her.  She testified
that she is around children all day because she works as a teacher for “Child
Care Associate”; that she has worked in a “Head Start” program for ten years; that
she has taken English lessons on and off and has no difficulty reading English;
that she is a United States citizen; and that she permits J.P.M. to visit
Father even when J.P.M. is not scheduled to do so.  Mother explained that she set
up tutoring for J.P.M., that she told J.P.M.’s teachers to contact her with any
concerns they have about J.P.M.’s schoolwork, that she registered J.P.M. for
soccer, and that she helped J.P.M. sign up for band.  Mother expressed concern that
J.P.M. was too young to learn how to ride a dirt bike or to use a gun, and she
testified that Father had a temper, used bad language around J.P.M., was a
“very aggressive” person, and had once left a gun on a night table at his house
when J.P.M. was there.

Having
reviewed the short record, we conclude that the trial court had sufficient
evidence upon which to determine that it would not be in J.P.M.’s best interest
to modify the conservatorship such that Father would have the exclusive right
to designate J.P.M.’s primary residence.  Accordingly, we hold the trial court did
not abuse its discretion by denying Father’s petition to modify
conservatorship.  See, e.g., In re R.T.H., 175 S.W.3d 519, 521–22
(Tex. App.—Fort Worth 2005, no pet.) (holding that conflicting evidence in
modification proceeding supported trial court’s implied finding that denial of
petition to modify was in child’s best interest and that trial court did not
abuse its discretion by denying petition).  We overrule Father’s sole issue and
affirm the trial court’s order.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and MEIER, JJ.

 

DELIVERED:  June 28, 2012









[1]See Tex. R. App. P. 47.4.





[2]To the extent that the
trial court’s statement in the final order that modification is not in J.P.M.’s
best interest is a finding of fact, it is reviewable for legal and factual
sufficiency of the evidence.  See Ortiz v. Jones, 917 S.W.2d 770,
772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 
To the extent that the statement is not a finding of fact, a complete
reporter’s record was filed, and Father may challenge the sufficiency of the
evidence to support the implied best-interest finding.  See Sixth RMA
Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Neyland v.
Raymond, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.).