**Affirmed and Opinion filed November 17, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00526-CV

### SUSANA I. VILLALPANDO, Appellant

### V.

### ARMANDO VILLALPANDO, Appellee

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2012-30887**

## O P I N I O N

This is an appeal from a divorce decree. The trial court granted the parties a divorce on the basis of insupportability, divided the community property, and ordered the husband to pay child support. On appeal, the wife complains of the trial court's failure to grant her a divorce on grounds of cruelty and challenges both the property division and child-support award. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Susana Villalpando and appellee Armando Villalpando were married in June 2003. They resided in Harris County and had two children during their marriage. In February 2010, Susana moved to Dallas with the children. In November 2012, Armando filed for divorce on the basis of insupportability. Susana counter-petitioned for divorce on the grounds of cruel treatment.

At trial, Armando testified he had a problem with alcohol during the course of the marriage. Susana testified that Armando was physically and emotionally abusive when he was drinking. According to Susana, Armando pushed her, pulled her hair, and left bruises on her arms. Susana testified Armando would threaten to kill her, have their children taken away from her, or kill himself. Susana's sister also testified that Armando engaged in this behavior. The trial court granted a divorce solely on the basis of insupportability.

In relation to the parties' property, Armando testified at trial that he and Susana owned many properties and four vehicles. Neither party submitted documentary evidence of the value for most of the properties. Armando submitted into evidence tax returns for the previous five years and a "Financial Information Statement" indicating that Armando had net resources of $2,032.37 per month. The trial court divided the parties' community property and based its child-support calculation on Armando having $2,023.37 in net monthly resources. Susana challenges these rulings on appeal.

# II. ANALYSIS

## A. Divorce on Insupportability Grounds

The trial court granted Susana's request for a divorce, but it granted the divorce solely on the grounds of insupportability. *See* Tex. Fam. Code Ann. §

2

6.001 (West, Westlaw through 2015 R.S.). In her first issue, Susana asserts the trial court abused its discretion by failing to grant her a divorce on cruelty grounds.

Texas Family Code Section 6.002, entitled "Cruelty" states "[t]he court *may* grant a divorce in favor of one spouse if the other spouse is guilty of cruel treatment toward the complaining spouse of a nature that renders further living together insupportable." *Id.* § 6.002 (emphasis added). Section 6.002 does not require a trial court to grant a divorce on the basis of cruel treatment even if the record reveals evidence of cruelty. *See Baker v. Baker*, 469 S.W.3d 269, 279 (Tex. App.—Houston [14th Dist.] Jun. 25, 2015, no pet.); *Clay v. Clay*, 550 S.W.2d 730, 734 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ). Instead, the trial court has the discretion to choose among reasons supported by the evidence for granting a divorce. *See Baker*, 469 S.W.3d at 279. Under the plain wording of section 6.002, the trial court did not abuse its discretion in granting the divorce on the basis of insupportability rather than on the basis of cruelty. *See id.* Accordingly, we overrule Susana's first issue.

## B. Property Division

In Susana's second issue, she challenges the trial court's division of the community estate, arguing that: (1) the trial court mischaracterized two pieces of separate property as community property, (2) in dividing the community estate, the trial court failed to consider all of the factors Susana raised, (3) the trial court abused its discretion in granting a disproportionate amount of the estate to Armando, and (4) the trial court abused its discretion in failing to calculate the amount of the reconstituted estate.

### 1. Characterization of Property

Susana argues that the trial court mischaracterized two pieces of property,

which the parties refer to as the Los Alpes property and the Emiliana Zapata property. The trial court determined both are community property, but Susana asserts they are both separate property. According to Susana, the Los Alpes property is Armando's separate property and the Emiliana Zapata property is her separate property.

In a divorce decree, the trial court must divide the community property in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. Tex. Fam. Code Ann. § 7.001 (West, Westlaw through 2015 R.S.). To convince this court to disturb the trial court's division of property, Susana must show the trial court clearly abused its discretion by a division or an order that is manifestly unjust and unfair. *See Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but they are relevant factors in assessing whether the trial court abused its discretion. *Id*. If the trial court mischaracterizes a spouse's separate property as community property and awards some of the property to the other spouse, then the trial court abuses its discretion and reversibly errs. *See id.*

Under both the Texas Constitution and the Texas Family Code, a spouse's separate property consists of (1) the property the spouse owned or claimed before marriage, and (2) the property the spouse acquired during marriage by gift, devise, or descent. Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001 (West, Westlaw through 2015 R.S.); *Sharma*, 302 S.W.3d at 360. Community property, by contrast, consists of all property, other than separate property, acquired by either spouse during the marriage. Tex. Fam. Code Ann. § 3.002 (West, Westlaw through 2015 R.S.); *Sharma*, 302 S.W.3d at 360. All property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

4

Tex. Fam. Code Ann. § 3.003 (West, Westlaw through 2015 R.S.); *Sharma*, 302 S.W.3d at 360. The burden of overcoming this presumption rests on the party asserting otherwise, and the standard of proof is by clear and convincing evidence. *Sharma*, 302 S.W.3d at 360. "Clear and convincing" evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id*. Whether property is separate or community is determined by its character at the inception of the party's title. *Id*. Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested. *Id*.

*Los Alpes Property*

First, Susana argues that the trial court abused its discretion by classifying as community property, the property described as Lot 1, Pinos, Zacatecas, Mexico ("Los Alpes Property") as this property is Armando's separate property. Armando asserted in the trial court that the house was his separate property; he listed it as separate property in his sworn inventory and testified that he acquired the lot in December 2002, before the parties' marriage.

As the factfinder, the trial court alone determines the credibility of the evidence and the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of their testimony. *Duruji v. Duruji*, No. 14-05-01185-CV, 2007 WL 582282, at *5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op). The record contains no documentary evidence relating to the Los Alpes Property and only a few words of oral testimony relating to the characterization of the Los Alpes Property. The trial court could have discredited this portion of Armando's testimony and determined that evidence did not prove by the clear-and-convincing standard that the Los Alpes Property is Armando's separate property. *See Zamarripa v. Zamarripa*, No. 14-08-00083-CV, 2009 WL

5

1875580, at *3 (Tex. App.—Houston [14th Dist.] Jun. 30, 2009, pet. denied) (mem. op.); *Rosensky v. Rosensky*, No. 01-09-01029-CV, 2011 WL 743164, at *6 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem. op.).

*Emiliana Zapata Property*

Second, Susana asserts the trial court abused its discretion by classifying the property in Ojuelos, Mexico ("Emiliana Zapata Property"), as community property. Susana contends she established the Emiliana Zapata Property is her separate property. The parties both testified that the property was acquired during the marriage. According to Armando, Susana purchased the property during the marriage; he contends the property is therefore community property. Susana stated that the property was a gift from her mother and, therefore, is her separate property. Susana acknowledged that the deed stated the property was sold to Susana during the marriage, but she testified the property was sold to Susana's mother, who gifted the property to Susana. According to Susana, her mother had Susana's name put on the deed because her mother wanted to gift the property to Susana.

The record contains conflicting evidence as to the nature of this property. It was within the purview of the trial court, as fact finder, to resolve conflicts in the evidence and pass on the weight and credibility of the witnesses' testimony. *See Zagorski v. Zagorski*, 116 S.W.3d 309, 317–18 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The trial court reasonably could have found, based on Armando's testimony, and Susana's admission that the deed listed Susana as a buyer, that Susana purchased the property during the marriage. *See id.* Accordingly, the trial court did not abuse its discretion in classifying this property as community property. *See id.*

6

## 2. Trial Court's Consideration of Factors in Property Division

Under her second issue, Susana asserts that the trial court did not make a just and right division of the community property. She argues both that the trial court did not consider all of the appropriate factors in dividing the property and that in its division, the trial court improperly awarded more of the community estate to Armando.

When dividing property between two divorcing spouses, the trial court is required to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001; *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We will not disturb the property division on appeal unless the appellant demonstrates that the trial court clearly abused its discretion by a division or an order that is manifestly unjust or unfair. *Sharma*, 302 S.W.3d at 360. In reviewing the trial court's property division, we must consider (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court abused its discretion by dividing the property in a manner that is manifestly unjust and unfair. *Evans v. Evans*, 14 S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We are to resolve every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. *Welch v. Welch*, 694 S.W.2d 374, 376 (Tex. 1985). In *Murff*, the Supreme Court of Texas identified various factors that the trial court may consider when dividing the community property. *Murff*, 615 S.W.2d at 698–99. These factors include the nature of the community property, the relative earning capacity and business experience of the spouses, their relative financial condition and obligations, their education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up

the marriage, and the benefit the spouse not at fault would have received had the marriage continued. *Id.* at 698–99.

Susana suggests the trial court did not consider the evidence of fault or the disparities in the parties' ages, abilities, earning capacities, and separate estates, but she does not cite any part of the record indicating that the trial court did not consider these factors, nor have we found one. *See Slater v. Slater*, No. 14-13-00693-CV, 2014 WL 6677603, at *2 (Tex. App.—Houston [14th Dist.] Nov. 25, 2014, no pet.) (mem. op.) (holding trial court considered fault in property division in absence of explicit statement that the trial court was considering fault). As explained below, it appears the trial court took these factors into account and awarded Susana a larger portion of the parties' community property.

Susana argues that the trial court improperly awarded a disproportionate amount of the community estate to Armando because (1) the evidence did not support a finding that property at 1701 Berry contained a debt of $16,000, (2) in some parts of its fact findings the trial court found $40,000 more was owed on the Double Bayou Property than it was worth, while in other parts of the findings, the trial court stated that $45,000 more was owed on this property than it was worth, and these findings are irreconcilable, (3) the trial court awarded $32,000 worth of the community estate to Armando and $29,000 worth of the community estate to Susana, and (4) the evidence did not support finding a $40,000 debt associated with the Los Alpes Property.

The trial court awarded the following community property to Susana:

- The El Ranchito Property. The trial court found the property's value is unknown. The parties did not present any evidence of the value of this property.
- Colonia San Luis. The trial court found this property's value is $4,000.

8

- The Emiliana Zapata Property. The trial court found the property's value is $25,000.

- 2003 Dodge Intrepid automobile. The trial court found the property's value is $4,000.

- 2002 Avalanche automobile. The trial court found the property's value is $6,000.

- 2002 Chevrolet Avalanche automobile. The trial court found the property's value is $3,500.

- All furniture in Susana's possession. The trial court did not enter a finding on the value, nor did Susana submit any evidence of the value of furniture in her possession.

- All jewelry in Susana's possession. The trial court did not enter a finding on the value of jewelry in her possession, nor did Susana submit any evidence of the value of furniture in her possession.

- All cash in Susana's possession. The trial court did not enter a finding on the amount of cash in Susana's possession, nor did Susana submit any evidence of it.

The trial court awarded the following community property to Armando:

- The Berry Road property and the corresponding Chase Home Finance Debt. The trial court found the value of this property is $85,000 and the debt owed is $16,000. Accordingly, the trial court determined the net award is worth $69,000. Susana asserts that the trial court abused its discretion in valuing the property at $69,000 because the evidence showed the debt is $13,924.39. Therefore, she asserts, the equity in the Berry Road Property is actually $71,075.61. We presume for the sake of argument that the value of the equity in the Berry Road property is $71,075.61.

- The 1985 Double Bayou Property and the corresponding Capital Farm Credit debt. The trial court found the value of this property is $90,000. The trial court found the debt owed is $130,000.00.[1]

---

[1] In its findings of fact, the trial court noted that the property is worth $90,000 and carries a debt of $130,000. The difference between these two amounts is $40,000. The record shows $40,000 more is owed on the Double Bayou property than the amount at which the property is valued.

9

- The Los Alpes Property and corresponding debt: The trial court determined this property has a value of $28,000 and a debt of $25,000. Susana testified she thought the property is worth $200,000, but the trial court was entitled to discredit Susana's opinion of the valuation and credit Armando's opinion. Susana argues on appeal that the evidence did not show a $40,000 debt on this property, but supported only a finding of a debt for $25,000. The trial court did not find a $40,000 debt associated with this property. The trial court found a debt of $25,000 associated with this property.

- A 1998 Chevrolet automobile. The trial court determined this property has a value of $2,500.

- All furniture in Armando's possession. The trial court did not enter a finding on the value of the furniture in his possession.

- All jewelry in Armando's possession. The trial court did not enter a finding on the value of the jewelry in his possession.

- All cash in Armando's possession. The trial court did not enter a finding on the value of the cash in Armando's possession.

Resolving all conflicts in the evidence in favor of the trial court's findings, Susana's share of the community property is valued at $42,500 plus the unknown value of the El Ranchito Property and the unknown value of any furniture, jewelry or cash in her possession. Even presuming the 1701 Berry Road Property is worth $71,075.61, the value of Armando's community estate, including the debt on the Berry Road Property and the Double Bayou Property, is $36,575.61. Contrary to Susana's assertions, the trial court awarded her a disproportionately higher amount of the community estate. After considering the entire record of this case to determine whether the trial court abused its discretion in its division of the community estate, we determine the trial court did not abuse its discretion. *See Vallone v. Vallone*, 644 S.W.2d 455, 460 (Tex. 1982); *Murff*, 615 S.W.2d at 698.

### 3. Failure to Make Fact-findings on Fraud

Under her second issue, Susana also asserts that the trial court abused its

discretion by failing to calculate the amount of the "reconstituted estate" under Texas Property Code section 7.009, based on Susana's claim that Armando committed fraud on the community. *See* Tex. Fam. Code Ann. § 7.009 (West, Westlaw through 2015 R.S.). Susana asserts that the trial court erred by failing to make a finding of fact that Susana failed to prove an actual or constructive fraud by Armando on the community estate. Therefore, Susana asserts, no presumption exists that the evidence supports the trial court's denial of her "request for a reconstituted estate," and the trial court was required to calculate the amount of the reconstituted estate and divide this estate.

Susana timely requested findings of fact and conclusions of law, and the trial court filed findings of fact and conclusions of law. The trial court did not make a finding of fact or conclusion of law related to fraud on the community or Susana's request for the calculation of the reconstituted estate. Susana did not request additional findings. After the trial court files original findings of fact and conclusions of law, any party may file a request for specific additional or amended findings or conclusions within ten days after the filing of the original findings and conclusions by the trial court. Tex. R. Civ. P. 298. The failure to request amended or additional findings or conclusions waives the right to complain on appeal about the trial court's failure to make the omitted findings or conclusions. *Uluh v. Uluh*, No. 14-09-00394-CV, at *2 (Tex. App.—Houston [14th Dist.] Jan. 20, 2011, pet. denied) (mem. op.). Because Susana failed to request additional findings of fact and conclusions of law, she has waived her complaint that the trial court erred by failing to make any omitted findings. *See id.* In addition, the trial court's failure to make a finding that Susana failed to prove an actual or constructive fraud by Armando on the community estate does not mandate the conclusion that the trial court abused its discretion by failing to calculate the amount of the "reconstituted

11

estate" under Texas Property Code section 7.009. *See* Tex. Fam. Code Ann. § 7.009.

Having found that Susana's arguments under her second issue show no reversible error by the trial court, we overrule her second issue.

### C. Reimbursement Claim

In her third issue, Susana asserts the trial court abused its discretion by failing to grant her reimbursement claim. Reimbursement is an equitable right that arises when the funds or assets of one estate are used to benefit and enhance another estate without the first estate receiving some benefit. *Marriage of O'Brien*, 436 S.W.3d 78, 82 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Susana asserts community funds were used to enhance the Los Alpes Property, which she asserts the trial court should have classified as Armando's separate property. The trial court did not abuse its discretion in classifying the Los Alpes Property as community property. Accordingly, any improvements to the Los Alpes Property benefitted property that was divided as part of the community estate. Thus, the trial court did not err in denying Susana's reimbursement claim. *See id.* We overrule Susana's third issue.

### D. Child Support

In her fourth issue, Susana asserts the trial court abused its discretion by setting child support based on an amount of net resources that is unsupported by the record. We review a trial court's order granting child support under an abuse-of-discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support the trial court's order. Section 154.062 of the Family Code, entitled "Net Resources," requires the trial court to

calculate a party's net resources for the purpose of determining child support liability. Tex. Fam. Code Ann. § 154.062(a) (West, Westlaw through 2015 R.S.).

Reviewing courts employ a two-prong test to determine whether the trial court abused its discretion in determining the amount of a child-support award. *Evans*, 14 S.W.3d at 346. The first step is to determine whether the trial court had sufficient information upon which to exercise its discretion. *Newberry v. Bohn–Newberry*, 146 S.W.3d 233, 235 (Tex.App.-Houston [14th Dist.] 2004, no pet.). If so, then the court moves to the second step to determine whether the trial court abused its discretion by rendering a child-support order that was manifestly unjust or unfair. *Id.* A trial court does not abuse its discretion when its decision is based on conflicting evidence or if some evidence of a probative and substantive character exists to support the child-support order. *Id.* We view the evidence in the light most favorable to the trial court's decision and indulge every reasonable presumption in favor of the trial court's judgment. *Id.*

The record contains Armando's "Financial Information Statement," tax returns for the years 2007-2012, as well as receipts for rental properties. On his "Financial Information Statement," Armando listed $2,600 in gross monthly resources and $2,032.37 in net monthly resources. The trial court determined Armando had net monthly resources of $2,023.37.[2] Susana does not argue the income amounts shown on the tax returns fail to support the trial court's determination of Armando's net resources.

The trial court had the necessary information to determine Armando's gross

---

[2] Even if the trial court should have determined Armando to have $2,032.37 in net monthly resources rather than $2,023.37 in net monthly resources, the difference in support is de minimus. *See Glash v. Glash*, No. 14-05-00846-CV, 2006 WL 2862217, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, no pet.) (holding de minimus difference between ordered support and child support as calculated under the guidelines did not show reversible error) (mem. op.).

monthly income and his net monthly resources. Susana admits as much. She asserts, however, that viewing the evidence carefully, the trial court could have surmised that Armando was underreporting his income on his tax returns and so the trial court should have determined Armando had more net resources than he reported.[3] Susana argues that some of the numbers reported on Armando's tax returns are suspicious. She suspected, for example, that Armando underreported income from his rental properties based on the amount of rent Susana opined he could charge for his rental properties, but she had no evidence that Armando underreported his income. Susana acknowledged that she did not know how long the various rental properties sat vacant, nor did she know Armando's expenditures for those properties. Though Susana asserts suspicions, she has pointed to no evidence Armando was underreporting his income, nor has she pointed to any evidence in the record suggesting Armando had a different amount of net resources than the amount he disclosed in his "Financial Information Statement." Susana does not even assert an alternative amount that the trial court should have used as Armando's net resources. Susana simply argues Armando could and should pay more than $457.20 per month.

Given the lack of evidence that Armando's net resources were anything other than the amount he reported on his "Financial Information Statement," we conclude that the trial court did not abuse its discretion in crediting that evidence. *See In re H.D.C.*, —S.W.3d—,—, No. 14-13-00976-CV, 2014 WL 6464331, at *6 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Flores v. Cuevas*, No. 01-06-00257, 2007 WL 624716, at 83 (Tex. App.—Houston [1st Dist.] 2007, Mar. 1,

---

[3] Armando offered and the trial court admitted into evidence tax returns from 2007-2012. Armando's "Financial Information Statement" contained his assessment of his 2013 resources. He submitted this assessment because he had not yet filled out a tax return for 2013. The amount of net resources Armando listed in his "Financial Information Statement" was higher than the net resources indicated in his tax returns.

2011, no pet.) (mem. op.). Accordingly, we overrule Susana's fourth issue.

### III.  CONCLUSION

The trial court did not abuse its discretion in granting the parties' divorce on the insupportability ground rather than on the cruelty ground. Nor did the trial court abuse its discretion in characterizing the parties' property, dividing the community estate, or calculating the child-support obligation.  Finding no abuse of discretion, we affirm the trial court's divorce decree.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.