

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00059-CV

ESTATE OF JOHN BRECKENRIDGE GIBSON, JR., DECEASED

On Appeal from the Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2011-PR01745-1

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 1989, the then unmarried John Breckenridge Gibson, Jr., began working for the University of Texas at Dallas and designated his sister, Beverly Ward, as the beneficiary of any and all death benefits payable from his retirement plan with the Teachers' Retirement System of Texas (TRS). Though, in 2003, Gibson married Mildred Diane Fox-Gibson, he never changed his TRS beneficiary designation. In 2011, Gibson died intestate.

Fox-Gibson was appointed the administrator of Gibson's estate and later filed this action[1] in the administration proceeding in her representative capacity seeking, *inter alia*, a declaration by the Probate Court of Tarrant County[2] that Fox-Gibson, individually, has a community property interest in the TRS plan benefits and that the community property portion of Gibson's death benefits held by TRS should be paid over to her. After at least two hearings,[3] the probate court

---

[1]As administrator of Gibson's estate, Fox-Gibson already had the authority to administer Gibson's separate property and the community property that had been under Gibson's management during his marriage. *See* TEX. EST. CODE ANN. § 453.009(a)(1)–(2) (West 2014). As administrator, she could also commence a suit for the recovery of personal property, debts, or damages. *See* TEX. EST. CODE ANN. § 351.054(a)(1) (West 2014). We construe this pleading as a suit for the recovery of personal property.

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]On January 16, 2014, an initial hearing was held on the application. At the hearing, Fox-Gibson testified that she was married to Gibson on September 26, 2003, and that he passed away on September 26, 2011. She also testified that she is the alternate payee and that the community interest was any deposits and interest made into the account after the date of their marriage. Fox-Gibson also entered into evidence certain business records concerning Gibson's TRS plan account. Ward stated that she was the named beneficiary and that Gibson left all of the benefits to her, but she also asked that Fox-Gibson be awarded the community portion. At the end of the hearing, the probate court took the case under advisement.

On March 27, 2014, the staff attorney for the probate court notified Fox-Gibson that, before the probate court could sign an order on the application, it would need to determine the heirship of Gibson. Fox-Gibson filed a verified application to determine heirship in which she alleged that she and Ward were the only survivors of Gibson. The probate court then appointed Bill Catterton as attorney ad litem to represent the interests of the unknown heirs. On December 12, 2014, Catterton filed a report identifying Tina Gibson Triplett, Gibson's daughter from a prior marriage,

as a surviving heir. Consequently, on February 20, 2015, Fox-Gibson filed her second amended application to determine heirship in which she identified Triplett and herself, as the only heirs of Gibson.

While both the application and the heirship determination were still pending on August 18, 2015, Ward, now represented by counsel, filed her original answer to the application asserting that the beneficiary designation executed by Gibson should control the distribution of the TRS plan benefits. Ward also filed her first amended petition for declaratory judgment, joining Fox-Gibson, individually, and asking the probate court to declare that the beneficiary designation was effective, that the community portion of the TRS plan benefits was under Gibson's management and control, and that Ward was entitled to all of Gibson's separate and community property interest in the TRS plan benefits. Fox-Gibson, as administrator, moved to strike Ward's first amended petition, asserting that it was untimely under Rule 63, filed without leave of court, and that Fox-Gibson was surprised and prejudiced by the filing. *See* TEX. R. CIV. P. 63. By business records affidavit, Gibson's beneficiary designation with TRS, naming Ward as his payable-on-death beneficiary, was filed on November 25, 2015. On December 1, 2015, the probate court held a hearing on the application to determine heirship and the declaratory judgment petition.

On March 17, 2017, the probate court signed its judgment and decreed, *inter alia*, the following:

1. The TRS [plan] Benefits are a non-probate asset. Texas Estate Code Chap 111.

    . . . .

3. A member of a state retirement system may designate one or more beneficiaries to receive benefits payable by the retirement system on the death of the member or annuitant. Tex. Govt. Code § 824.101.

4. Because Gibson designated . . . Ward, as his plan beneficiary on June 1, 1989[,] and never revoked, amended or changed his beneficiary designation on the TRS Plan after that time, . . . Ward, was the designated beneficiary on the TRS Plan at Gibson's death.

    . . . .

10. As a payable-on-death beneficiary, . . . Ward, is entitled to all of the TRS [plan] Benefits.

As a result of Fox-Gibson's request, the probate court made the following findings of fact:

1. John Breckenridge Gibson, Jr. ([Gibson])[,] died on June 26, 2011.

2. Gibson was continuously employed by the University of Texas at Dallas from June 1, 1989[,] until his death on June 26, 2011.

3. As a benefit of Gibson's employment, Gibson was a participant in the Teachers Retirement System of Texas Plan (hereafter "TRS").

4. On June 1, 1989, Gibson designated Gibson's sister, . . . Ward, as the beneficiary of any benefits accruing under the TRS Plan.

5. At the time of the original beneficiary designation, Gibson had no spouse.

6. Gibson married . . . Fox-Gibson on or about September 26, 2003[,] and remained married to her until his death.

3

7.    Gibson never revoked, amended or changed his beneficiary designation on the TRS Plan after June I, 1989.

8.    No consent was sought or obtained by Gibson from . . . Fox-Gibson for a change of beneficiary on the TRS Plan.

The probate court also made conclusions of law, including that:

1.    The TRS [plan] Benefits are a non-probate asset.  Texas Estate Code Chap 111.

2.    Beverly Ward properly brought the TRS Death Benefits issue to this court by a declaratory judgment action related to the probate of Gibson's estate over which this Court has subject matter jurisdiction.  Tex. Civ. Prac. & Rem. Code Chap 37.

3.    A member of a state retirement system may designate one or more beneficiaries to receive benefits payable by the retirement system on the death of the member or annuitant.  Tex. Govt. Code § 824.101.

4.    Because Gibson designated . . . Ward, as his plan beneficiary on June 1, 1989 and never revoked, amended or changed his beneficiary designation on the TRS Plan after that time, . . . Ward, was the designated beneficiary on the TRS Plan at Gibson's death.

5.    Because Gibson had no spouse at the time of the designation of Beverly Gibson, aka Beverly Ward, as the plan beneficiary, no spousal consent was required for the designation. Tex. Admin. Code § 73.29(a) (l ).

6.    The Employee Retirement Income Security Act of 1974 (29 U.S.C. Chap. 18 )("ERISA") does not apply to state governmental employee benefit plans per 29 U.S.C. Chap. 18 §§ 1002(32), 1003.

7.    The TRS Plan is, by definition, a state governmental employee benefit plan.  *Ibid.*

8.    Because ERISA does not apply to the TRS Death Benefits, there is no requirement that any of the TRS Death Benefits be payable to the Surviving Spouse of the Beneficiary.

9.    Any presumption that the TRS Plan Benefits were community property, which might otherwise be raised by Tex. Fam. Code §3.003(a), were rebutted by the proof, by clear and convincing evidence, of the beneficiary designation and the non-revocation, amendment or change after June l, 1989.  (Tex. Fam. Code § 3.003(b)).

10.   The TRS Plan, to the extent it accrued benefits during the marriage of Gibson and . . . Fox-Gibson, was the sole management community property of Gibson.  (Tex. Fam. Code § 3.102(a)).

11.   At Gibson's death, any death benefits payable by reason of the death of Gibson (TRS Death Benefits) became payable to his named beneficiary, . . . Ward.

12.   Because the TRS Death Benefits are payable pursuant to the TRS Plan to the named beneficiary under the plan, no domestic relations order regarding the payment of plan benefits was

4

entered judgment that Ward, as the named payable-on-death beneficiary under the TRS plan, was to be paid all of the plan benefits.

On appeal, Fox-Gibson complains that the probate court erred in failing to strike Ward's allegedly late-filed petition for declaratory judgment, in its conclusion of law that the TRS plan benefits were separate property, and in failing to award Fox-Gibson any portion of the plan benefits. We affirm the probate court's judgment because (1) considering Ward's petition for declaratory judgment was not error, (2) conclusion of law number nine, though erroneous, had no harmful effect, and (3) Fox-Gibson's other complaints were not preserved or were waived.

*(1)* *Considering Ward's Petition for Declaratory Judgment Was Not Error*

In her first issue,[4] Fox-Gibson complains that the probate court abused its discretion by failing to strike Ward's amended petition for declaratory judgment. Fox-Gibson argues that the matter had been fully tried in a January 16, 2014, hearing and that the probate court abused its discretion in permitting Ward to amend her pleadings months later without leave of court and when it both surprised and prejudiced Fox-Gibson, all in violation of Rule 63. *See* TEX. R. CIV. P. 63

---

entered in this case and the provisions of Texas Government Code § 804.001 defining 'alternate payee' are thus inapplicable.

After the probate court filed its findings of fact and conclusions of law, Fox-Gibson did not file a request for additional or amended findings of fact and conclusions of law. *See* TEX. R. CIV. P. 298. Fox-Gibson appeals from the March 17 judgment.

[4]In a prefatory paragraph before discussing her issues, Fox-Gibson asserts that the probate court's errors and its signing deprived her of her marital property and resulted in a deprivation of her constitutional right to due process. Fox-Gibson cites *Mayhew v. Town of Sunnyvale*, which held that "a plaintiff alleging a procedural due process takings claim must establish that he was deprived of notice and an opportunity to be heard with respect to a decision affecting his property rights." 964 S.W.2d 922, 939 (Tex. 1998). In this case, Fox-Gibson instituted the proceeding and fully participated through her pleadings and in the hearings on the matter. Hence, the record shows that she had both notice and the opportunity to be heard. To the extent this argument is asserted as a separate issue on appeal, or in support of her stated issues, we find that it is without merit.

(pleading filed after seven days before trial may be filed only after obtaining leave of trial judge, "which shall be granted unless there is a showing that such filing will operate as a surprise to the opposite party").

We review a trial court's decision to allow the filing of late-filed pleadings for an abuse of discretion. *See Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 451 S.W.3d 150, 176 (Tex. App.—Fort Worth 2014), *aff'd*, 505 S.W.3d 580 (Tex. 2016). A trial court abuses its discretion if its act is arbitrary or unreasonable, or without reference to any guiding rule or principle. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Gardiner*, 451 S.W.2d at 176.

"The Texas Rules of Civil Procedure govern proceedings in probate matters except in those instances in which a specific provision has been made to the contrary." *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex. 1983) (citing TEX. R. CIV. P. 2). The Texas Estates Code provides, "A person interested in an estate may, at any time before the court decides an issue in a proceeding, file written opposition regarding the issue. The person is entitled to process for witnesses and evidence, and to be heard in opposition, as in other suits." TEX. EST. CODE ANN. § 55.001 (West 2014). Section 55.001 does not require leave of court to file an opposition and does not allow the probate court to deny the filing because of prejudice or surprise to a party opposing the filing. *Compare* TEX. EST. CODE. ANN. § 55.001, *with* TEX. R. CIV. P. 63, 66.

In this case, the determination of whether, and to what extent, the TRS plan benefits consisted of community property, as well as whether Fox-Gibson was entitled to any of the TRS plan benefits, was initially brought before the probate court in Fox-Gibson's application. Although there was a hearing on the application in January 2014, this was by no means the final hearing on

6

these issues. The probate court, realizing that the evidence at the proceeding was not sufficient for it to make a ruling on the issues, required the filing of an application to determine heirship to obtain additional evidence before it ruled on Fox-Gibson's application. While the heirship proceeding was still pending, Ward filed her additional opposition to the application by filing both her original answer and her petition for declaratory judgment. Since the issues regarding whether the TRS plan benefits contained any community property, and Fox-Gibson's entitlement to any of the benefits, had not been decided, Section 55.001 of the Texas Estates Code gave Ward the right to file her opposition and for that opposition to be heard. Further, since Ward's opposition was filed several months before the final hearing on these issues, Rule 63, which only applies to pleadings filed "within seven days of trial or thereafter," was not applicable. TEX. R. CIV. P. 63.

Since Section 55.001 permitted the filing of Ward's petition for declaratory judgment in opposition to the application, and gave Ward the right to be heard on her opposition, we find that the probate court's actions in permitting the filing and hearing of Ward's opposition was not an abuse of discretion.[5] We overrule this issue.

---

[5]Fox-Gibson also faults the probate court's refusal to consider her motion to strike Ward's petition. She points to an exchange at a hearing on her objections to the proposed judgment, which occurred several months after the final hearing. However, the record of this hearing shows that, when Fox-Gibson attempted to assert her motion to strike at that hearing, the probate court responded that the motion had been heard at a docket control conference hearing, which took place over a month before the final hearing. Fox-Gibson did not include the transcript of the docket control conference hearing in the reporter's record. When an appellant fails to bring forward a complete reporter's record, we must presume that it would support the probate court's assertion that the motion had been previously heard and decided. *See Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996). Further, even assuming the exchange at the post-trial hearing showed the probate court refused to rule on her motion to strike, to preserve any complaint for appellate review, Fox-Gibson was required to object to the refusal. *See* TEX. R. APP. P. 33.1(a)(2)(B). The record shows she failed to object to the court's refusal to rule on her motion. Therefore, Fox-Gibson has failed to preserve this complaint for our review.

*(2)      Conclusion of Law Number Nine, Though Erroneous, Had No Harmful Effect*

Fox-Gibson also complains that the trial court erred in its ninth conclusion of law that "[a]ny presumption that the TRS Plan Benefits were community property . . . w[as] rebutted by the proof, by clear and convincing evidence, of the beneficiary designation . . . ." Fox-Gibson argues that, because the TRS plan benefits were in the possession of Gibson during their marriage, they are presumed to be community property and that Ward did not offer any evidence to overcome that presumption. She also argues that the probate court's tenth conclusion of law contradicts its ninth conclusion of law. In addition, she challenges the factual sufficiency of the evidence supporting the ninth conclusion of law. This resulted, she argues, in the trial court's erroneous failure to order that she receive the plan benefits.

We review a trial court's conclusions of law de novo. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). An "appellant may not challenge a trial court's conclusions of law for factual sufficiency; however, the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness." *Id.* (citing *Dallas Cty. v. Sweitzer*, 881 S.W.2d 757, 763 (Tex. App.—Dallas 1994, writ denied)). "If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *Id.* (citing *Scholz v. Heath*, 642 S.W.2d 554, 559 (Tex. App.—Waco 1982, no writ)).

Generally, the character of property as separate or community is determined at the beginning of that property's ownership. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001); *McCurdy v. McCurdy*, 372 S.W.2d 381 (Tex. Civ. App.—Waco 1963, writ ref'd). "Community

8

property consists of property other than separate property that is acquired by either spouse during the marriage." *McClary v. Thompson*, 65 S.W.3d 829, 834 (Tex. App.—Fort Worth 2002, pet. denied) (citing TEX. FAM. CODE ANN. § 3.002 (West 2006)). Further, income produced by separate property during marriage is community property. *Id.* (citing *Lipsey v. Lipsey*, 983 S.W.2d 345, 350 (Tex. App.—Fort Worth 1998, no pet.)). Deferred compensation plans, such as the TRS plan, are considered community property only to the extent they are attributable to the spouse's employment during marriage. *Boyd v. Boyd*, 67 S.W.3d 398, 406–07 (Tex. App.—Fort Worth 2002, no pet.).

In this case, the trial court's findings of fact establish that Gibson began his employment with the University of Dallas in June 1989 and continued his employment until his death in June 2011. Gibson was a member of the TRS plan for the duration of his employment. Gibson and Fox-Gibson were married in September 2003. Therefore, that portion of the TRS plan benefits attributable to Gibson's employment while he was married to Fox-Gibson is community property. *Id.* The later designation of Ward as Gibson's beneficiary under the plan, therefore, has no effect on the nature of the property interest in the plan, whether community or separate. As a result, we agree with Fox-Gibson that conclusion of law number nine is erroneous.

That is not the end of our inquiry, however. Property passing at death pursuant to the terms of a contract, such as contributory retirement plans, are non-probate assets that are not subject to disposition by will or by the rules of intestate succession. *Valdez v. Ramirez*, 574 S.W.2d 748, 750 (Tex. 1978). The disposition of these assets is controlled by lifetime transfer rules. *Id.* Further, while being earned by the employee spouse, the right to the benefits under the retirement

plan is subject to the employee spouse's sole management, control, and disposition. *Id.* at 751. This includes the right to designate how the benefits will be paid, whether at retirement or in the event of the employee spouse's death. *See id.* By statute, a TRS plan member may "designate one or more beneficiaries to receive benefits payable by [TRS] on the death of the member" and file it with TRS. TEX. GOV'T CODE ANN. § 824.101(a) (West 2012).

In this case, the probate court also made unchallenged findings of fact and conclusions of law that the TRS plan benefits are non-probate assets; that the TRS plan, to the extent it accrued benefits during the marriage of Gibson and Fox-Gibson, was the sole management community property of Gibson; that Gibson designated Ward as his plan beneficiary in June 1989; that the designation was never revoked, amended, or changed; and that at Gibson's death the TRS plan benefits became payable to Ward. The ultimate judgment of the probate court, then, was that the TRS plan benefits were payable to Ward as the designated beneficiary under the plan. These unchallenged findings and conclusions, as well as the judgment of the probate court, are consistent with the Supreme Court's holdings in *Valdez.* Therefore, since the probate court entered the proper judgment, its erroneous conclusion of law does not require reversal. *Marchand*, 83 S.W.3d at 794. We overrule this issue.

*(3)    Fox-Gibson's Other Complaints Were Not Preserved or Were Waived*

Finally, Fox-Gibson asserts that the probate court erred in denying Fox-Gibson any portion of the TRS plan benefits. Fox-Gibson argues that the probate court should have found that she was entitled to a portion of the TRS plan benefits by reason of (1) the improvements to the benefits during her marriage to Gibson, (2) a right to reimbursement, and (3) the portion accrued during

10

marriage.  First, Fox-Gibson did not assert a cause of action asserting a theory of recovery based on either a right of reimbursement or improvements to the TRS plan benefits during marriage. Since she did not assert those theories of recovery in the probate court, the complaints were not preserved for our review.  *See* TEX. R. APP. P. 33.1(a)(1) (requiring a timely request to the trial court as a prerequisite to presenting a complaint for appellate review).

Fox-Gibson did assert her right to a portion of the TRS plan benefits accruing during her marriage to Gibson in her application.  However, after the probate court entered its findings of fact and conclusions of law that did not contain any determination of what portion, if any, of the TRS plan benefits was community property, Fox-Gibson did not request additional findings of fact and conclusions of law.  By failing to timely request additional findings and conclusions, Fox-Gibson forfeited her complaints related to the trial court's failure to determine what portion of the plan benefits was community property or her entitlement to them.  *See Friend v. Friend*, No. 02-15-00166-CV, 2016 WL 7240596, at *3 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op.); *Villalpando v. Villalpando*, 480 S.W.3d 801, 810 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("The failure to request amended or additional findings or conclusions waives the right to complain on appeal about the trial court's failure to make the omitted findings or conclusions.").

We overrule this issue.

11

For the reasons stated, we affirm the judgment of the probate court.


Josh R. Morriss III
Chief Justice

Date Submitted:     October 13, 2017
Date Decided:       October 25, 2017